V01231.aa1; In re ALD & LLD



NUMBER 13-01-231-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

IN RE ADELA G. DRYDEN, Relator.

____________________________________________________________________

On petition for writ of mandamus.

___________________________________________________________________

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa

Relator, Adela G. Dryden, filed a petition for a writ of mandamus, requesting this Court to order respondent, the Honorable
Rose Vela, presiding judge of the 148th District Court of Nueces County, to vacate an order signed on April 6, 2001, in
cause number 94-7045-E. The real party-in-interest, James D. Dryden ("Mr. Dryden") filed a response. See Tex. R. App.
P. 52.4. After hearing oral argument, we conditionally grant relator's petition for a writ of mandamus. Tex. R. App. P. 52.8.

A. Procedural History

Relator sought to collect unpaid child support from her former husband, Mr. Dryden. On February 21, 2001, respondent
signed an "Order Granting Judgment for Arrearages and Order in Suit to Modify Parent-Child Relationship ("February 21
Order"). According to the order, respondent found that Mr. Dryden had failed to pay court-ordered child support. She
found and confirmed that Mr. Dryden was:

in arrears in the amount of $68,435.00 for the period April 1, 1995 through September 29, 2000 and that interest has
accrued on those . . . arrearages in the amount of $21,676.44. Judgment should be awarded against [Mr. Dryden] in the
total amount of $90,111.44 for the arrearages and pre-judgment interest.



The order then provides:


Judgment for Arrearage


IT IS ORDERED that ADELA G. DRYDEN is granted a cumulative judgment for child-support arrearages, including
accrued pre-judgment interest, against [Mr. Dryden] of $90,111.44, from April 1, 1995 through August 29, 3000 such
judgment bearing interest at 12 percent simple interest per year from the date this order is signed, for which let execution
issue. This judgment is cumulative and includes the unpaid balance owed under the prior order of this Court.


Relief Granted

IT IS ADJUDGED that JAMES DALE DRYDEN is obligated to pay and shall pay to ADELA G. DRYDEN arrearages in
the amount of $90,111.44 plus all accrued post-judgment interest from the date this order is signed, as follows:
 

 

1. [Requiring Mr. Dryden to sell a note receivable he holds on a certain Corpus Christi property and pay the proceeds to
relator];

2. [Requiring Mr. Dryden to sell a note receivable he holds on another Corpus Christi property and pay the proceeds to
relator];

3. JAMES DALE DRYDEN shall pay to ADELA G. DRYDEN through the Nueces County Wife and Child Support
Division, the sum of $400.00 per month, beginning November 1, 2000 to reduce the amount of arrearage owed with
accrued interest. JAMES DALE DRYDEN shall continue to pay such amount each month until the arrearage with accrued
interest is paid in full or until [L.L.D.] is emancipated . . . , whichever event occurs first. On the first day of the first month
following the date that [L.L.D.] is emancipated . . . , JAMES DALE DRYDEN shall pay to ADELA G. DRYDEN through
the Nueces County Wife and Child Support Division, the sum of $800.00 (1) per month until the full arrearage and accrued
interest is paid in full, at which time JAMES DALE DRYDEN's obligation shall terminate.


It is undisputed that Mr. Dryden complied with the repayment obligations set out in the February 21 Order.

The February 21 Order became final on March 23, 2001. Relator began post-judgment discovery and obtained a writ of
execution and a notice of entry upon premises. Pursuant to the writ of execution, the sheriff of Nueces County levied
execution on Mr. Dryden's Boston Whaler motorboat, a boat trailer and a kayak. Relator also served a writ of garnishment
on Mr. Dryden's accounts at American Bank.

Mr. Dryden then filed a pleading in the 148th District Court entitled "Motion for Sanctions and Motion for Protective Order
and to Quash Notice of Entry Upon Premises and Post-Judgment Interrogatories and Requests for Production." Respondent
heard Mr. Dryden's motion on April 5, 2001, and took the matter "under advisement." Later that day, respondent sent a
letter (the April 5 Letter) to relator's counsel in which she stated:

After reviewing the authorities and my earlier Order, I am of the opinion that the Order should be modified to reflect my
intent. My intent in signing the Order was that Mr. Dryden pay the back child support by means of the list set out in the
Order. So long as Mr. Dryden is in compliance with the Order, execution on any child support judgment should not issue.
Therefore, I am modifying the Order to delete the language "for which let execution issue" on page 3.



On April 6, 2001, respondent signed an order (the April 6 Order) which states, in relevant part, as follows:


FINDINGS 

The Court finds that its Order signed February 21, 2001, granting judgment for arrearage of child support and ordering
modifications in the parent-child relationship of the parties contains conflicting provisions with respect to the right of
ADELA G. DRYDEN to seek collection of the judgment awarded for child-support arrearage by post-judgment ancillary
proceedings including, but not limited to, execution, garnishment and discovery pursuant to Rule 621a T.R.C.P. while
JAMES D. DRYDEN is in compliance with the payment provisions specified in the relief granted to ADELA G. DRYDEN
for payment of said judgment.

The Court finds that it was the intent of the Court in its Order signed February 21, 2001, to preclude any further legal
remedies for enforcement and collection of the judgment for child-support arrearage against JAMES D. DRYDEN so long
as he complies with the provisions in said Order for payment of the arrearage.


* * * * *

It is further ORDERED that no additional ancillary proceedings for the collection or enforcement of the judgment for
child-support arrearage awarded in the Order of February 21, 2001, shall be permitted so long as JAMES D. DRYDEN is
current upon the payment schedule specified in said Order.



The April 6 Order further quashed all post-judgment ancillary proceedings by relator, including the writ of execution, the
writ of garnishment, the notice of entry upon premises and post-judgment discovery.

Relator has now filed a petition for a writ of mandamus, requesting this Court to order respondent to vacate her order of
April 6, 2001. Relator contends the trial court's plenary power expired on March 23, 2001, the thirtieth day after the
February 21 Order was signed, and that the April 6 Order is, therefore, void. Mr. Dryden argues that the April 6 Order is
either a judgment nunc pro tunc or a clarifying order, and is valid and enforceable.

There can be only one final judgment. Tex. R. Civ. P. 301. We must, therefore, decide which order is valid and
enforceable.

B. Jurisdiction

This court is authorized to issue writs of mandamus. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2001). Mandamus
is an extraordinary remedy available only in limited circumstances to correct a clear abuse of discretion or the violation of a
duty imposed by law when the relator has no adequate remedy at law. Republican Party of Tex. v. Dietz, 940 S.W.2d 86, 88
(Tex. 1997); Walker v. Packer, 827 S.W.2d 833, 839-44 (Tex. 1992). A trial court has no discretion to determine matters
of law or to apply the law to the facts incorrectly. Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 437 (Tex.
1997);Walker, 827 S.W.2d at 840. Mandamus is proper if the trial court's order is void. Dikeman v. Snell, 490 S.W.3d 183,
186-87 (Tex. 1973); see also Richie v. Heard, 611 S.W.2d 419, 420 (Tex. 1981) (mandamus proper when trial court
retained jurisdiction following expiration of plenary power). Mandamus is appropriate to vacate an order which wrongfully
denies satisfaction of a judgment. Gonzales v. Daniel, 854 S.W.2d 253, 256 (Tex. App.-Corpus Christi 1993, orig.
proceeding).

C. Is the April 6 Order a Judgment Nunc Pro Tunc?

A trial court retains plenary power to grant a new trial or to vacate, modify, correct or reform a judgment within thirty days
after the judgment is signed. Tex. R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984); Tex.
Prop. & Cas. Ins. Guar. Ass'n v. De los Santos, No. 13-97-662-CV, 2001 Tex. App. LEXIS 907, *6 (Tex. App.-Corpus
Christi, February 8, 2001, no pet. h.). Where no post-verdict motions are filed, a trial court's plenary power over a case
generally ends thirty days after a final judgment is signed, and the trial court has no authority to set aside a judgment except
by bill of review. Tex. R. Civ. P. 329b(d);Thursby v. Stoval, 647 S.W.2d 953, 954 (Tex. 1983); De los Santos, 2001 Tex.
App. LEXIS 907 at *6. A court must speak through its written orders, and we cannot presume an intent on the part of a
court to vacate, set aside, modify or amend an order in the absence of an express, specific and written order. In the Interest
of Hamilton, 975 S.W.2d 758, 761 (Tex. App.-Corpus Christi 1998, pet. denied).

In the instant case, it is undisputed that respondent did not sign a written order modifying the February 21 Order within
thirty days. Mr. Dryden argues, however, that the April 6 Order is a judgment nunc pro tuncwhich corrects the February 21
Order to reflect the true intent of the trial court.

A trial court may correct clerical mistakes in a judgment even after its plenary power has expired. Tex. R. Civ. P. 316.
After a judgment has become final, the trial court may correct only clerical errors by nunc pro tunc judgment, but may not
correct judicial errors. Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986); Andrews v. Koch, 702 S.W.2d 584, 585
(Tex. 1986). Whether an error is a clerical error or a judicial error is a question of law. Escobar, 711 S.W.2d at 232;Finley
v. Jones, 435 S.W.2d 136, 138 (Tex. 1968). The salient distinction between "clerical" and "judicial" errors lies in the
exercise of the judgmental offices of the court; a clerical error is one which does not result from judicial reasoning or
determination. Andrews, 702 S.W.2d at 585. On the other hand, a judicial error is an error which occurs in the rendering
as opposed to the entering of a judgment. Escobar, 711 S.W.2d at 231. Judicial errors are never correctable by the trial
court after the court's jurisdiction expires. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex. 1970). 

The proponent of clerical error must show by clear and convincing evidence that the judge intended the requested result at
the time the original judgment was entered. Riner v. Briargrove Park Property Owners, Inc., 976 S.W.2d 680, 683 (Tex.
App.-Houston [1st Dist.] 1998, no writ). This high burden insures that judges can correct their clerical mistakes, while
preventing the use of rule 316 as a vehicle to circumvent the general rules regarding the trial court's plenary power if the
court changes its mind about its judgment. Jenkins, 16 S.W.3d at 482. Furthermore, the appellate court must construe the
original judgment "as a whole toward the end of harmonizing and giving effect to all the court has written." Newsom v.
Petrilli, 919 S.W.2d 481, 483 (Tex. App.-Austin 1996, no writ). 

Mr. Dryden argues that respondent did not intend for the child-support-arrearage judgment to be executed upon unless he
failed to comply with the repayment orders specified in the February 21 Order, and that language to the contrary was
erroneously included in the Order. Thus, he asserts, the Order was correctable by a nunc pro tunc order.

We conclude that the "error" complained of here - the granting of a judgment for past-due child support which may be
executed upon at any time as long as the judgment is unsatisfied - is not erroneous at all. Even though respondent stated in
her April 5 letter that she did not intend for relator to be able to execute on the child-support-arrearage judgment so long as
Mr. Dryden complied with the repayment orders, we conclude that respondent had no authority to preclude relator from
attempting to collect the judgment. The Texas Family Code provides that:

[i]f a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount
of arrearages and render one cumulative money judgment.

Tex. Fam. Code Ann. § 157.263(a)(Vernon 1996). This statute imposes an affirmative, mandatory duty on the trial court to
reduce a child support arrearage to a money judgment upon request. In the Interest of Gonzalez, 981 S.W.2d 313, 315
(Tex. App.-San Antonio 1998, pet. denied). The family code further provides that "[a] money judgment rendered as
provided in this subchapter may be enforced by any means available for the enforcement of a judgment for debts and by an
order requiring that income be withheld from the disposable earnings of the obligor." Tex. Fam. Code Ann. § 157.264
(Vernon 1996)(emphasis added).

 Judgments shall be enforced by execution or other appropriate process. Tex. R. Civ. P. 621; see also Tex. R. Civ. P. 622
(execution); Tex. Civ. Prac. & Rem. Code Ann. § 34.047 (Vernon 1997) (execution); Tex. R. Civ. P. 658 (garnishment);
Tex. Civ. Prac. & Rem. Code Ann. § 63.001 (Vernon 1997) (garnishment). The right to collect a money judgment by
execution is inherent in the judgment and does not depend on specific recitals. Ford v. Wied, 823 S.W.2d 423, 423 (Tex.
App.-Texarkana 1992, pet. denied). Execution will issue on any valid judgment whenever proper, irrespective of the
inclusion of the words "let execution issue" in the judgment; such language is surplusage. State v. Blair, 629 S.W.2d 148,
150 (Tex. App.-Dallas 1982), aff'd, 640 S.W.2d 867 (1982). As long as a judgment remains unsatisfied, a judgment creditor
is not limited in the number or type of enforcement actions she may file and pursue. Holtzman v. Holtzman, 993 S.W.2d
729, 734 n.4 (Tex. App.-Texarkana 1999, pet. denied).

It was mandatory that respondent confirm and render the cumulative child-support-arrearage judgment, and respondent had
no authority to preclude relator from attempting to collect on the judgment. Therefore, we conclude there was no "error" in
the February 21 Order and the April 6 Order is not a valid nunc pro tunc order. 

D. Is the April 6 Order a Clarifying Order?

Mr. Dryden also argues that the April 6 Order is a clarifying order, as contemplated by the Texas Family Code. Section
157.421 of the family code provides:

§ 157.421. Clarifying Nonspecific Order
 

(a) A court may clarify an order rendered by the court in a proceeding under this title if the court finds, on the motion of a
party or on the court's own motion, that the order is not specific enough to be enforced by contempt.

(b) The court shall clarify the order by rendering an order that is specific enough to be enforced by contempt.

(c) A clarified order does not affect the finality of the order it clarifies.


Tex. Fam. Code Ann. § 157.421 (Vernon 1996). Further, section 157.423 provides:

§ 157.423 Substantive Change Not Enforceable


(a) A court may not change the substantive provision of an order to be clarified under this subchapter.

(b) A substantive change made by a clarification order is not enforceable.



Tex. Fam. Code Ann. § 157.423 (Vernon 1996). The family code prohibits a court from substantively changing the
provisions of an earlier order, but does not define "substantive change." Dickens v. Willis, 957 S.W.2d 657, 659 (Tex.
App.-Austin 1997, no pet.). A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively
change a final order. Hamilton, 975 S.W.2d at 762; Dickens, 957 S.W.2d at 659. Therefore, case law addressing
judgments nunc pro tunc illuminates what constitutes an impermissible substantive change. Dickens, 957 S.W.2d at 659. A
substantive change occurs when a judicial error is corrected because such an error results from judicial reasoning and
determination. Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968); Dickens, 957 S.W.2d at 659. As noted above, when an
error results from inaccurately recording the decision of the court, the error is clerical. Escobar, 711 S.W.2d at
231;Dickens, 957 S.W.2d at 659.

Mr. Dryden contends that the February 21 Order is ambiguous because it contains two "conflicting" provisions providing
for methods of collecting the arrearage. In support of his contention that the April 6 Order is a permissible clarifying order,
Mr. Dryden cites this Court's decision in Hamilton, 975 S.W.2d at 758. In Hamilton, this Court held that a trial court's
clarification order was permissible to declare which of two conflicting child support orders was to be enforced, where
neither order was specific enough to be enforceable by contempt until the trial court clarified which order was effective. Id.
at 762. 

However, Hamilton is not analogous to the instant case. Here, the February 21 Order is sufficiently specific for purposes of
imposing contempt. If Mr. Dryden had failed to comply with the very specific child support orders, relator could have
sought enforcement by contempt. The February 21 Order is also not ambiguous. It does not contain conflicting collection
provisions, as in Hamilton, but merely gives relator two permissible options (2) for collecting the more than $90,000 that Mr.
Dryden owed her for the support of their two minor daughters: (1) a $400 monthly payment (3) toward the arreareage until it
is fully paid, and (2) a judgment for the entire amount, which may be collected using all available post-judgment collection
methods. (4) As we noted above, as long as a judgment remains unsatisfied, a judgment creditor is not limited in the number
or type of enforcement actions she may file and pursue. Holtzman, 993 S.W.2d at 734 n.4.

 We conclude there is nothing about the February 21 Order that makes it ambiguous or too unspecific to be enforced by
contempt, thus triggering section 157.421. We have already held that respondent had no authority to preclude relator from
executing on the child-support-arrearage judgment. See, e.g., Tex. R. Civ. P. 621. We hold the April 6 Order cannot be
valid as a clarifying order under section 157.421 of the family code.

Mr. Dryden also argues that section 157.269 of the family code empowered the trial court to issue the April 6 Order.
Section 157.269 provides:

§ 157.269 Retention of Jurisdiction

A court that renders an order providing for the payment of child support arrearages retains jurisdiction until all current
support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid.

Tex. Fam. Code Ann. § 157.269 (Vernon Supp. 2001). However, this argument has already been rejected by one of our
sister courts. The Fort Worth Court of Appeals has stated:

We agree that the jurisdiction conferred by section 157.269 enables the trial court to enforce its judgment for arrearage.
However, Moore argues that the retained jurisdiction authorized by section 157.269 is tantamount to continuing, exclusive
jurisdiction, and thereby allows the trial court to modify the previously entered judgment because Brown has not yet paid
every installment required by the judgment. We are not persuaded.

Nothing in section 157.269 suggests that the Legislature intended to vest the trial court with continuing exclusive
jurisdiction to later modify an earlier judgment that awarded a specific amount of past-due child support. We must
presume that in drafting a statute, the Legislature has a sound purpose for including or excluding relevant provisions.
Because section 157.269 does not state that the trial court maintains continuing, exclusive jurisdiction, we will not imply it
absent clear legislative intent.


Moore v. Brown, 993 S.W.2d 871, 873-74 (Tex. App.-Fort Worth 1999, pet. denied) (emphasis in original). We find this
reasoning persuasive, and hold that section 157.269 of the family code does not empower a trial court to modify a judgment
for child support arrearage after the court's plenary power has expired.

Our research has found no rule, statute, or case law authorizing respondent to modify the February 21 Order to preclude
relator from enforcing the child-support-arrearage judgment against Mr. Dryden. Accordingly, we hold: (1) that respondent
had no authority to "modify" or "clarify" the February 21 Order to preclude such enforcement, (2) that the April 6 Order is
not a proper judgment nunc pro tunc, and (3) that the April 6 Order is void in its entirety.

We conditionally grant relator's petition for a writ of mandamus. The writ will issue only if respondent fails to vacate her
order of April 6, 2001.


FEDERICO G. HINOJOSA

Justice


Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this

the 21st day of June, 2001.


1. Elsewhere in the order, Mr. Dryden is ordered to continue paying $400 per month as current child support for his minor
daughter, L.L.D., until the date of her emancipation.

2. Upon relator's request, the trial court had an affirmative duty to grant a money judgment for the arrearage. See Tex.
Fam. Code Ann. § 157.263(a)(Vernon 1996); Gonzalez, 981 S.W.2d at 315.

3. We note that a $400 monthly payment does not even pay the interest accruing on the arrearage.

4. Even if a current child support order is too ambiguous to be enforced by contempt, the portion granting judgment for an
arrearage may still be enforced by a money judgment if the arrearage is sufficiently definite and certain. Gross v. Gross,
808 S.W.2d 215, 219 (Tex. App.-Houston [14th Dist.] 1991, no writ).