MARY'S OPINION HEADING 




 NO. 12-01-00267-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RICHARD RAMIREZ,
§
 APPEAL FROM THE 87TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS, ET AL.,

APPELLEES
§
 ANDERSON COUNTY, TEXAS







PER CURIAM
 

 This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate
Procedure 42.3(a). The trial court's judgment was signed on August 7, 2000. Under Texas Rule of
Appellate Procedure 26.1(a), unless Appellant timely filed a motion for new trial or other post
judgment motion which extended the appellate deadlines, his notice of appeal was due to have been
filed "within 30 days after the judgment [was] signed," i.e., September 6, 2000. On July 27, 2001,
Appellant filed his "First Motion to Reopen Case" and a "Memorandum Brief" in support of such
motion. Because this motion was filed more than 30 days after judgment, the motion was untimely. 
See Tex. R. Civ. P. 329(a). Consequently, the time for perfecting Appellant's appeal was not
extended. Tex. R. App. P. 26.1(a). Appellant filed a notice of appeal on September 28, 2001.
Because the notice of appeal was not filed on or before September 6, 2000, this Court has no
jurisdiction to consider the appeal.

 On October 3, 2001, this Court notified Appellant, pursuant to Tex. R. App. P. 37.2 and 42.3,
that his notice of appeal was untimely and that unless he showed the jurisdiction of this Court on or
before October 18, 2001, the appeal would be dismissed. On October 17, 2001, Appellant responded
to this Court's dismissal notice. In his response, Appellant contends that this Court has jurisdiction
because on July 27, 2001, he filed a motion seeking to reopen the case pursuant to Tex. R. Civ. P.
270. The docket sheet indicates that on September 13, 2001, the trial court reviewed the motion to
reopen, considered it an untimely motion for new trial and denied it. Appellant asserts, therefore,
that judgment was actually rendered on September 13, 2001 and that the notice of appeal filed on
September 28 was timely. We disagree for several reasons.

 First, the judgment in this case was signed on August 7, 2000. Because Appellant failed to
file a timely post judgment motion, the trial court lost its plenary power thirty days after the
judgment was signed. See Tex. R. Civ. P. 329b. Thus, any action taken by the trial court after its
plenary power expired was a nullity. See In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (an
order granting a motion for new trial after trial court's plenary power has expired is a nullity). 
Second, there can be only one final judgment in a case. Tex. R. Civ. P. 301; In re Dryden, 52
S.W.3d 257, 261 (Tex. App.- Corpus Christi 2001, orig. proceeding). This Court's appellate
jurisdiction is limited to appeals from final judgments and such interlocutory orders as the legislature
has deemed appealable. City of Houston v. Kilburn, 849 S.W.2d 810, 811 (Tex. 1993). As noted
above, the final judgment was signed on August 7, 2000 and the "denial" of Appellant's motion to
reopen is not otherwise appealable. 

 Accordingly, we conclude that the notice of appeal filed on September 28, 2001 is untimely. 
Because this Court is not authorized to extend the time for perfecting an appeal except as provided
by Texas Rules of Appellate Procedure 26.1 and 26.3, we dismiss the appeal for want of jurisdiction. 
Tex. R. App. P. 42.3(a).


Opinion delivered October 24, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.








DO NOT PUBLISH