NO. 12-01-00263-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CLEMON TURNER,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


TEXAS DEPARTMENT OF 

CRIMINAL JUSTICE, ET AL.,
§
 HOUSTON COUNTY, TEXAS

APPELLEES






PER CURIAM
 This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate
Procedure 42.3(a). On May 21, 2001, the trial court signed an order dismissing Appellant's suit for
want of prosecution. On June 14, 2001, Appellant filed an "Application for Motion of Appealability." 
Under Texas Rule of Appellate Procedure 26.1(a), if Appellant timely filed a motion for new trial or
other post judgment motion which extended the appellate deadlines, his notice of appeal was due to
have been filed "within 90 days after the judgment [was] signed," i.e., August 20, 2001. For purposes
of this opinion, we will assume that Appellant's Application for Motion of Appealability was a post
judgment motion which extended the appellate deadlines. On August 3, 2001, Appellant filed a
Motion to Reinstate. (1) On August 16, 2001, the trial court denied this motion. On September 20, 2001,
Appellant filed his notice of appeal indicating his desire to appeal the denial of his motion to reinstate. 
Because the notice of appeal was not filed on or before August 20, 2001, this Court has no jurisdiction
to consider this appeal. 

 On September 26, 2001, this Court notified Appellant, pursuant to Tex. R. App. P. 37.1 and
42.3, that his notice of appeal was untimely and that unless he showed the jurisdiction of this Court
on or before October 11, 2001, the appeal would be dismissed. The Court also notified Appellant that
the denial of a motion to reinstate is not an appealable order and that his notice of appeal failed to
contain a certificate of service. On October 12, 2001, Appellant filed an amended notice of appeal
containing a certificate of service. However, Appellant has failed to respond to this Court's notice
concerning the timeliness of his notice of appeal and his attempt to appeal from a nonappealable order. 
 With regard to Appellant's desire to appeal the denial of his motion of his motion to reinstate,
we note that there can be only one final judgment in a case. Tex. R. Civ. P. 301; In re Dryden, 52
S.W.3d 257, 261 (Tex. App.- Corpus Christi 2001, orig. proceeding). This Court's appellate
jurisdiction is limited to appeals from final judgments and such interlocutory orders as the legislature
has deemed appealable. City of Houston v. Kilburn, 849 S.W.2d 810, 811 (Tex. 1993). The final
judgment in this case was signed on May 21, 2001 and the "denial" of Appellant's motion to reinstate
is not otherwise appealable. 

 Accordingly, we conclude that the notice of appeal filed on September 20, 2001 is untimely. 
Because this Court is not authorized to extend the time for perfecting an appeal except as provided by
Texas Rules of Appellate Procedure 26.1 and 26.3, we dismiss the appeal for want of jurisdiction. 
Tex. R. App. P. 42.3(a). 

Opinion delivered October 24, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.















DO NOT PUBLISH



1. Because this motion was not filed within thirty days of the signing of the judgment, it did not extend the
appellate timetable. Tex. R. App. P. 26.1(a).