In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00162-CV




IN THE INTEREST OF L.L.E., A MINOR CHILD




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 91-25279




MEMORANDUM OPINION
          This is a child-support enforcement action. The Office of the Attorney General
(the AG) alleged that Ronald Lee Edwards (Father) had not satisfied a prior 1991
judgment for unpaid child support. The AG filed a motion to suspend Father’s
driver’s license and requested the court to enter a new judgment on the unpaid child
support. The trial court denied the motion and dismissed with prejudice all causes of
action regarding child support. We reverse and remand. 
Background
          On October 24, 1991, the trial court found that Father failed to pay court-ordered child support for L.L.E. in the amount of $13,000, and rendered judgment
against Father as follows:
judgment in the amount of $13,000 together with interest at the legal
rate of 10% per annum from the date of this Order, is granted against
[Father], in favor of Obligee for which let execution issue. 

The 1991 judgment ordered Father to pay $200 each month for regular child-support
payment and an additional $50 each month for arrears. The judgment further ordered
that, once Father’s regular support obligation ended (depending on the child’s age),
Father was required to pay $250 each month toward the balance of the arrearage. 
          In December 2000, the AG filed this enforcement action, requesting the trial
court to render judgment on Father’s unpaid child support and accrued interest. 
Additionally, the AG filed a motion to suspend Father’s driver’s license. 
          The trial court held a hearing on November 2, 2001. The AG stated that Father
paid the $13,000 in 1997. Two years later, in 1999, the AG sent Father letters to
notify him about the unpaid interest. Accordingly, the only unpaid obligation was the
interest on the $13,000. During the hearing, the trial court voiced concerns about the
interest calculation. 
[Father]:What they did, Your Honor, is go all the way back to
October 31st of ‘91 and assess the interest from that point
forward. And I might also add at that particular time by
[the AG’s] own admission they were not collecting interest
at that time but yet he expects me to go back and pay all
that interest.
 
[Court]:Was interest not being calculated then?
 
[AG]:Didn’t have the computer capability of calculating it at that
time. . . .
 
[Court]:. . . And so when he paid it off, he didn’t know about the
interest?
 
[AG]:He didn’t know other than he did have a copy of the order
that ordered him. . . .
 
[Court]:But he didn’t know that the A.G.’s office was going to
collect it because they hadn’t calculated it, told him what
he owed.
 
[AG]:That’s correct.
 
[Court]:And for two years you didn’t call him and tell him he owed
anything?
 
[AG]:Did not, Judge. I would only argue that certainly two years
– if we were talking about 10 or 15 years, certainly he
might have a better case; but certainly two years is a
relatively short period of time. . . .

          * * * *
 
[Court]:So when does the interest start to accumulate?
 
[AG]:Well, the interest would still be running on the unpaid
balance.
 
[Court]:Well – but where in your order does it say that?
 
[AG]:It just says it’s at 10 percent.
 
[Court]:It just says interest, but it doesn’t say when it starts.
 
[AG]:That’s correct, Judge. It does not.
 
[Court]:So it doesn’t say that it doesn’t start at the end whenever he
– the Court’s going to deny your motion to reduce it to a
judgment or to take his license.
          On November 16, 2001, the trial court denied the AG all relief and dismissed
with prejudice all causes of action regarding child support. In its sole point of error,
the AG contends that the trial court erred in denying the AG’s motion to recover the
balance Father owed under the 1991 judgment and in dismissing with prejudice all
causes of action regarding Father’s unpaid child support, including the AG’s motion
to suspend Father’s driver’s license.
Analysis
          The 1991 judgment ordered Father to pay “$13,000 together with interest at the
legal rate of 10% per annum from the date of this Order.” Accrued interest is part of
the child support obligation and may be enforced by any means provided for the
collection of child support. Tex. Fam. Code Ann. § 157.267 (Vernon 2002). 
          Section 157.263 provides for confirmation of arrearages as follows:
(a)If a motion for enforcement of child support requests a money
judgment for arrearages, the court shall confirm the amount of
arrearages and render one cumulative money judgment.
 
(b)A cumulative money judgment includes:
 
(1)unpaid child support not previously confirmed;
(2)the balance owed on previously confirmed arrearages or
lump sum or retroactive support judgments;
(3)interest on the arrearages; and
(4)a statement that it is a cumulative judgment. 

Tex. Fam. Code Ann. § 157.263 (Vernon 2002) (emphasis added). This statute
imposes an affirmative, mandatory duty on the trial court to reduce a child support
arrearage to a money judgment upon request. In the Interest of Gonzalez, 981 S.W.2d
313, 315 (Tex. App.—San Antonio 1998, pet. denied); In re Dryden, 52 S.W.3d 257,
263 (Tex. App.—Corpus Christi 2001, no pet.). The trial court had a duty to confirm
any amount of the arrearage plus any accrued interest and render a money judgment
in the total amount due and owing the obligee. In re M.C.R., 55 S.W.3d 104, 110
(Tex. App.—San Antonio 2001, no pet.). We hold that the trial court erred in
denying the AG’s motion for confirmation of arrearages. 
          We sustain the AG’s sole issue.
 
 
 
Conclusion
          The judgment of the trial court is reversed and the cause is remanded to the
court below for proceedings consistent with this opinion.
 
 
                                                                                  Adele Hedges
                                                                                  Justice

Panel consists of Justices Hedges, Jennings, and Alcala.