In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00121-CV
______________________________


 
 
IN THE MATTER OF THE MARRIAGE OF
WILLIAM ROBERT WARD, JR., AND
TERRI LYNE WARD AND
IN THE INTEREST OF BRITTANIE LYNE WARD
AND BROOKE LEANN WARD, CHILDREN
 
 


                                              

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 92-D-570


                                                 



Before Morriss, C.J., Ross and Hadden,* JJ.
Opinion by Justice Ross
*Roby Hadden, Justice, Sitting by Assignment


O P I N I O N

          In a child support enforcement action, Terri Lyne Ward appeals the trial court's
granting of summary judgment in favor of her former husband, William Robert Ward, Jr. 
The trial court's judgment ordered that Terri take nothing and that the child support orders
would not support the judgment sought. Terri contends on appeal that the trial court erred
in granting summary judgment in favor of William and that it should have entered a
clarifying order which would support the money judgment.
Factual and Procedural History
          Terri and William divorced December 30, 1992. They had two daughters, ages
twelve and eight, at the time of the divorce. The final decree of divorce (the 1992 decree)
set William's child support obligation at $1,500.00 per month until the earliest of several
listed events, the pertinent one being a "further order modifying this child support." 
          On March 27, 1996, a "further order," entitled "Order Modifying Child Support" (the
1996 order) modified the amount of the monthly payment to $2,623.00 until:
any child reaches the age of 18 years, provided that, if the child is fully
enrolled in an accredited secondary school in a program leading toward a
high school diploma, the periodic child-support payments will continue to be
due and paid until the end of the school year in which the child graduates.

The 1996 order also provides that "[a]ll provisions of the final decree of divorce entered on
December 30, 1992, that are not modified by this Order remain in full force and effect." 
William paid $2,623.00


 per month from January 4, 1996 until the older daughter graduated
from high school in May 1998. At that time, William began paying $1,500.00 per month
again, the amount set in the 1992 decree. He continued to pay $1,500.00 per month from
June 6, 1998 until May 2002, when the younger daughter graduated from high school.
          Shortly thereafter, on June 2, 2002, Terri filed suit against William for enforcement
of the 1996 order, contending that order impliedly obligated William to pay $2,623.00 per
month until the younger daughter attained age eighteen. Terri sought to recover the
deficiency through July 2002, $52,831.00, and moved the trial court to hold William in
contempt, to place him in jail, and to fine him for each alleged violation. In her original and
amended motions, Terri also requested the trial court enter a clarifying order if it
determined that any part of the 1996 order was not specific enough to be enforced by
contempt. On August 6, 2003, William filed a motion for summary judgment, and Terri filed
a response to his motion wherein she again sought entry of a clarifying order, this time to
support a money judgment in the amount of $28,723.20.


 
          At the hearing on the motion for summary judgment, Terri and William agreed that
the facts were undisputed in this matter. By order signed October 7, 2003, the trial court
granted summary judgment in favor of William, holding that the 1996 order was not
sufficiently definite to support a contempt order


 or a money judgment. While Terri had
requested the trial court enter a clarifying order, the court's written and oral
pronouncements do not directly address the issue of the clarifying order. The trial court's
ruling, however, operates as a denial of her request for a clarifying order, and it is this
denial which forms the issue presented to this Court on appeal.
Standard of Review
          In order to prevail on a motion for summary judgment, a movant must show there
are no genuine issues of material fact and that he or she is entitled to judgment as a matter
of law. D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). Here, there is no question whether
summary judgment was a proper remedy. The parties agreed at the trial court level, and
again at oral argument, that the facts are undisputed and, therefore, summary judgment
was available as a proper remedy. This leaves for us only questions of law. As with all
questions of law, we will review de novo the granting of the summary judgment. Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). 
Analysis
          In Texas, both at common law and by statute, the natural father has a continuing
and primary duty to support his children. Gomez v. Perez, 409 U.S. 535, 536 (1973). A
court may order either or both parents to support a child in the manner specified by order:
(1) until the child is 18 years of age or until graduation from high
school, whichever occurs later; 
 
(2) until the child is emancipated through marriage, through removal
of the disabilities of minority by court order, or by other operation of law; 
 
(3) until the death of the child; or 
 
(4) if the child is disabled as defined in this chapter, for an indefinite
period.

Tex. Fam. Code Ann. § 154.001(a) (Vernon 2002). Specifically, the Family Code provides
that "[a] child support order for more than one child shall provide that, on the termination
of support for a child, the level of support for the remaining child or children is in
accordance with the child support guidelines." Tex. Fam. Code Ann. § 154.127 (Vernon
2002); Deltuva v. Deltuva, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.). 
          The 1996 order fails to provide for a reduction in accordance with the Code
guidelines on the older daughter's graduation from high school. The question Terri poses
is whether this omission, this failure to include the provision as set out in Section 154.127,
is a clerical error or one pertaining to judicial reasoning. See Dickens v. Willis, 957 S.W.2d
657, 659 (Tex. App.—Austin 1997, no pet.). Terri framed the issue at oral argument as
follows: if the error in omitting the provision that addresses the support of the younger
daughter is a judicial error, rather than a clerical error, then Terri loses her argument on
appeal. 
          The Family Code specifically provides that "[a] court may clarify an order rendered
by the court in a proceeding under this title if the court finds, on the motion of a party or on
the court's own motion, that the order is not specific enough to be enforced by contempt." 
Tex. Fam. Code Ann. § 157.421 (Vernon 2002). However, the Family Code also prohibits
a court from substantively changing the provisions of an earlier order with a clarifying order. 
Tex. Fam. Code Ann. § 157.423 (Vernon 2002); Dickens, 957 S.W.2d at 659. A
clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively
change a final order.


 In re Dryden, 52 S.W.3d 257, 263 (Tex. App.—Corpus Christi 2001,
no pet.).
          A clerical error results from inaccurately recording the decision of the court. 
Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986); Dickens, 957 S.W.2d at 659. To
be clerical in nature, the error must be one that is not the result of judicial reasoning,
evidence, or determination. Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986); Gutierrez
v. Gutierrez, 86 S.W.3d 721, 726 (Tex. App.—El Paso 2002, no pet.). Correction of a
clerical error does not effect a substantive change in the court's order. Dickens, 957
S.W.2d at 659. On the other hand, a judicial error results from judicial reasoning or
determination. Id. Substantive change results from correction of a judicial error. For
instance, an attempt to impose a specific obligation to pay where no such obligation had
previously existed is an unlawful substantive change, not a mere clarification or correction
of a clerical error. McGehee v. Epley, 661 S.W.2d 924, 925–26 (Tex. 1983); In re
Broussard, 112 S.W.3d 827, 833–34 (Tex. App.—Houston [14th Dist.] 2003, orig.
proceeding).
          The salient distinction between "clerical" and "judicial" errors lies in the exercise of
the judgmental offices of the court. Andrews, 702 S.W.2d at 585. In Andrews, a probate
court order allowed a sale of estate property in accordance with a real estate sales
contract, which included a grant of an easement. Id. The recorded deed failed to mention
the easement, however. Id. The administrators obtained from the probate court an order
nunc pro tunc correcting the deed to reflect the conveyance of the easement. Id. After the
court of appeals reversed the probate court's decision, the Texas Supreme Court
determined the correction was proper and affirmed the probate court's correction. Id. at
586. The court reasoned, since the entry of the order nunc pro tunc would not involve
additional judicial reasoning, the error at issue was clerical in nature and the probate court
could correct the deed to properly reflect the judgment originally rendered. Id.
          To further illustrate the well-established rules regarding what qualifies as a judicial
error, we look to the 1891 case of Missouri Pac. Ry. Co. v. Haynes, in which respondents
sued the railway company for the value of eighty-seven bales of cotton, weighing 43,064
pounds, destroyed by fire negligently caused by the company while the cotton was in its
possession. 82 Tex. 448, 18 S.W. 605 (1891). There was no controversy over the number
of bales or their weight, and at the trial the railway company did not deny that eighty-seven
bales were burned. Id. However, in its calculation of the gross weight of the cotton
destroyed, the trial court omitted the bill of lading for six bales of cotton. Id. Nearly six
months after judgment was rendered, respondents moved the trial court to correct the
judgment to include the value of the six bales. Id. The trial judge testified that he found
for respondents the weight of the entire eighty-seven bales, that he intended to give
judgment for that amount, and that he thought he had done so until the motion to correct
the judgment was filed. Id. The trial court granted the motion. Id. The Texas Supreme
Court disagreed, concluding that respondents' remedy, if any, would have been by a timely
motion for new trial or by appeal rather than a motion to reform a final judgment. Id. The
failure of the court to consider and compute the value of the six bales of cotton was a
judicial error, not a clerical error. It was a failure to consider evidence in the case and
represented an erroneous judgment on the facts. Id.
          Similar determinations can be found in cases involving child support orders and
modifications. For instance, when, after its plenary power expired, the trial court entered
a judgment that ordered a father to pay $38.00 per month in reimbursement of his child's
healthcare insurance premiums and the original judgment did not impose such an
obligation, the corrected judgment was ineffective as a judgment nunc pro tunc


 and was
void. Broussard, 112 S.W.3d at 833–34. The attempted correction did not involve a mere
clerical error since it imposed an obligation where previously there had been none. Id. 
The trial court is given broad discretion in assessing child support payments. In re
Striegler, 915 S.W.2d 629, 639 (Tex. App.—Amarillo 1996, writ denied). The trial court is
given a number of factors to consider in setting the amount of child support payments. 
Tex. Fam. Code Ann. §§ 154.123, 154.126, 154.128, 154.129 (Vernon 2002).
          Additionally, Terri bears a heavy burden in trying to establish that the error involved
is clerical in nature. The proponent of such a position must provide clear and convincing
evidence the error is clerical in nature and, thus, one for which a clarification order may be
entered. Broussard, 112 S.W.3d at 833; Dryden, 52 S.W.3d at 263–64.
          Terri relies heavily on Dickens to support her contention that this error is clerical in
nature. The divorce decree in Dickens designated Thomas, the respondent, as managing
conservator and Connie, the petitioner, as the possessory conservator. Dickens, 957
S.W.2d at 658. The 1986 decree provided, however, that "respondent pay to petitioner
support in the amount of $50.00 per month per child . . . ." Id. In 1995, Thomas moved
to enforce the child support obligation and sought a clarifying order regarding the order that
"respondent . . . pay to petitioner." Id. The trial court determined the misidentification of
respondent and petitioner in that portion of the 1986 divorce decree awarding child support
a clerical error, entered a clarifying order correctly labeling the parties, and ordered Connie
to pay arrearages. Id.
          In 1996, when Connie still did not pay child support, Thomas again moved for
enforcement. Id. The trial court, this time, concluded that the 1995 clarifying order was
unenforceable because it substantively changed the 1986 divorce decree. Id. On appeal,
Thomas argued that the error in the 1986 decree was a clerical error and, therefore, the
1995 clarifying order was enforceable. Connie argued that the 1995 order constituted a
substantive change of the original decree. Id. at 658–59. However, a letter from Connie's
attorney referred to the "typographical error" in the court's order. Id. at 659. Also, a docket
entry from the judge presiding over the divorce proceedings referred to the parties in their
proper capacities and indicated the trial court had, in fact, ordered Connie, the petitioner,
to pay child support. Id. Further, the rest of the 1986 decree also led the Austin court to
conclude that the error was a clerical one and that the trial court's original judgment
ordered Connie to pay child support to Thomas. Id. at 659–60. The error was simply one
made while reducing the original judgment to writing. 
          We find the error and the facts in Dickens distinguishable from those in the instant
case. While clarifying the erroneous assignment of the titles "petitioner" and "respondent"
in Dickens might appear to impose an obligation where none had previously existed, the
error obviously related only to a mistake in identifying the custodial and noncustodial
parents by their titles in the litigation. The record of the proceedings underlying the
erroneous order clearly contained several indications that reflected the intended and proper
positions of the parties. We find no such evidence in the record before us. 
          The inclusion of the provision as set forth in Section 154.127 of the Family Code
and the calculations which would necessarily follow such an order involve additional judicial
reasoning. Considering the trial court's broad discretion in evaluating factors in setting the
child support obligation, providing that the support would continue in an "amount according
to the child support guidelines" necessarily involves judicial reasoning. Like the omission
of the calculations missing from the judgment in Missouri Pac. Ry. Co., we have before us
an omission that necessarily calls for consideration of evidence and computation, an
omission which a clarification order may not correct. And, like the attempted correction in
Broussard, a clarification order as sought here, one which would support the money
judgment Terri seeks, would impose an obligation where none had previously existed and,
accordingly, would be an impermissible correction of a judicial error after the trial court's
plenary power has expired.



          Here, Terri fails to convince this Court that the omission is simply a clerical one. 
The record before us, which does not contain the now-unavailable court reporter's notes
pertaining to the 1992 decree or the 1996 order, does not demonstrate that the 1996 order
simply failed to record the judgment of the trial court. We have no way to determine
precisely what that judgment was. We do know, however, that the trial court overruled a
motion for new trial, a fact which lends support to the conclusion that the judgment
recorded was the judgment rendered.
          Terri, therefore, has not, and cannot, establish that the omission in the 1996 order
is simply an omission in recording the trial court's judgment. Rather, on these facts, entry
of a clarifying order as Terri requested would impose an obligation to pay a higher amount
of child support where, previously, none had existed, thus constituting an improper
substantive change to the court's orders. The Family Code expressly prohibits the trial
court from entering such an order.
Conclusion 
          We cannot say the error in omitting from the 1996 order a provision for the support
of the younger daughter is merely a clerical error. On the record before us, the error in the
1996 order was judicial in nature and, as such, should have been made the subject of an
appeal from the 1996 order. Because Terri made no such timely appeal, we are now
without jurisdiction to hear her complaint. We overrule Terri's sole point of error and affirm
the trial court's granting of summary judgment in William's favor.



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      May 12, 2004
Date Decided:         June 9, 2004