**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00137-CV**

_____

**IN RE QUEEN PRESTON**

════════════════════════════════════════════════════════

**Original Proceeding**

════════════════════════════════════════════════════════

**MEMORANDUM OPINION**

Queen Preston seeks mandamus relief from the trial court's order granting a new trial in a child-support-enforcement proceeding. In her petition, Preston asks us to compel the judge of the 258th District Court of Polk County, Texas, to vacate its order granting Jerry King DeBerry's motion for a new trial. Mandamus is a proper remedy where the trial court signs an order granting a new trial after its plenary power has expired. *In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). Because the trial court no longer possessed plenary power of the child-support-enforcement proceeding when it granted DeBerry's motion, we conditionally grant relief.

1

According to the pleadings in the mandamus record before us, Preston and DeBerry divorced in 1970. On September 15, 2014, the trial court signed a child-support-enforcement order, finding that on June 30, 2014, DeBerry was served by certified mail and regular mail with a notice of Preston's request that the trial court issue a judicial writ of witholding; that DeBerry failed to file a verified motion to stay the child-support-enforcement proceeding within the statutorily mandated ten day period; and that, as of June 17, 2014, Preston owed $174,128.61 in past due child support. The trial court awarded Preston an arrearage judgment, and ordered that DeBerry pay her attorney's fees. Additionally, the trial court found that Preston was entitled to foreclose on a child support lien of $2,777.84 against funds in DeBerry's bank account, and it ordered that a judicial writ of witholding issue, attaching DeBerry's obligation to pay child support to his future wages. The judgment recites that DeBerry could be served with the arrearage order at a street address in Diboll, Texas. Preston used the same address to notify DeBerry of her request that he be ordered to pay past due child support, as Deberry's motion for new trial indicates the notice of the proceedings was sent to his address in Diboll.

On October 10, 2014, DeBerry filed a verified motion for new trial in which he asked the trial court to overturn the arrearage judgment. In his motion, DeBerry alleged that one of his relatives signed the return receipt that accompanied the

notice that Preston had filed a request for an arrearage judgment, and he alleged that approximately two weeks after the notice was sent to the address in Diboll, his relative forwarded the notice to the home of his caretaker. According to DeBerry, his caretaker responded, by mail, to the trial court's notice regarding Preston's request for an arrearage judgment; however, his "representative" failed to file a motion asking the trial court to stay the issuance of the writ. *See* Tex. Fam. Code Ann. § 158.307 (West 2014) (allowing an obligor to stay the issuance of a judicial writ of withholding by filing a motion to stay "not later than the 10th day after the date the notice of application for judicial writ of withholding was received").

Additionally, DeBerry represented in his motion for new trial that he suffers from dementia, and that he was unaware that Preston had attempted to serve him with the arrearage order at issue. According to DeBerry's motion, Preston was aware that he was living in Houston when she filed her request seeking an arrearage judgment, and she knew his current address in Houston before she filed the proceedings that resulted in the trial court's ruling granting her request. DeBerry also claimed that although he personally appeared at the hearing on Preston's motion seeking an arrearage judgment, he "was unable to understand the proceedings." The transcript of the proceedings the trial court conducted on Preston's request for an arrearage judgment is not in the record that is before us.

3

Finally, DeBerry's motion for new trial alleges that the doctrine of laches provides him with a defense against Preston's request for an arrearage judgment. DeBerry suggests that Preston's failure to inform the trial court of his current address in Houston explains why he failed to timely respond within ten days to her request to enforce the trial court's child-support order, and DeBerry suggested in his motion that he could not pay support in any amount given his age, deteriorating health, and lack of resources.

On January 12, 2015, approximately four months after the trial court rendered the arrearage judgment at issue, the trial court granted DeBerry's motion for new trial. Approximately three months after the trial court signed the order granting DeBerry's motion for new trial, and approximately seven months after the trial court signed the arrearage judgment, Preston filed her request in this Court seeking mandamus relief. We requested a response to Preston's petition for writ of mandamus from the real party in interest, but none was filed. *See* Tex. R. App. P. 52.4.

A trial court's arrearage judgment in a child support case cannot be modified after the trial court's plenary power over the arrearage judgment expires. *See In re Dryden*, 52 S.W.3d 257, 262 (Tex. App.—Corpus Christi 2001, orig. proceeding). "Once a trial court's plenary power has expired, it has no jurisdiction to modify or

4

change its original judgment except by bill of review." *Moore v. Brown*, 993 S.W.2d 871, 874 (Tex. App.—Fort Worth 1999, pet. denied). Neither a bill of review nor a motion to withdraw the judicial writ of withholding was before the trial court when it granted DeBerry's motion for new trial. *See Thursby v. Stovall*, 647 S.W.2d 953, 954 (Tex. 1983) (orig. proceeding); *see also* Tex. Fam. Code Ann. § 158.317 (West 2014) (failure to receive notice of application for judicial writ of withholding).

The trial court granted DeBerry's motion for new trial on January 12, 2015. However, DeBerry's motion for new trial, which he timely filed, was overruled by operation of law on December 1, 2014, seventy-five days after the date that the trial court rendered the arrearage judgment that is at issue. *See* Tex. R. Civ. P. 329b(a), (c). The trial court continued to have plenary power over its judgment for an additional thirty days, which ended on December 31, 2014. Tex. R. Civ. P. 329b(e). Consequently, on the date the trial court granted Deberry's motion for new trial, it no longer possessed plenary power to alter the arrearage judgment. *See In re Dickason,* 987 S.W.2d at 571. We hold that the trial court's order granting DeBerry's request for a new trial is void.

Mandamus relief is conditionally granted. We are confident the trial court will vacate its order granting DeBerry's motion for new trial.[1] The writ of mandamus will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.


PER CURIAM


Submitted on April 24, 2015
Opinion Delivered May 28, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1]This mandamus proceeding has been presented to the appellate court on a sparse record that includes only the arrearage judgment, the motion for new trial, the reporter's record of the motion for new trial hearings, and the order granting the motion for new trial. We express no opinion regarding the merits of the parties' dispute.