

## NUMBER 13-24-00286-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**MILES FLORES PENA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## ON APPEAL FROM THE 92ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice Fonseca**

Appellant Miles Flores Pena pleaded guilty to aggravated sexual assault of a child less than fourteen years of age by penetration of the mouth with his sexual organ, a first-degree felony (Count Two), and to assault of a family or household member by impeding the normal breathing or circulation of the blood, a third-degree felony (Count Six). *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(ii), 22.01(b)(2)(B). On April 26, 2024, the trial

court adjudicated appellant guilty, sentenced him to thirty-five years' imprisonment for Count Two and ten years' imprisonment for Count Six, and ordered the sentences to run concurrently with credit for time served.

On May 23, 2024, appellant filed a pro se notice of appeal. Shortly thereafter, appellant's trial counsel filed a motion to withdraw and for appointment of appellate counsel. The motion was granted. Appellant's court-appointed appellate counsel has filed a brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm as modified.

## I. *ANDERS* BRIEF

Counsel states in his brief that he has diligently reviewed the entire record and that "there are no meritorious issues to raise on appeal." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant

2

with copies of these pleadings; (3) informed appellant of his rights to file a pro se response,[1] to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In this case, appellant did not file a motion seeking pro se access to the appellate record and did not file a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d

---

[1] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered[; r]ather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. MODIFICATION OF JUDGMENT

While appellant raises no reversible error, he alleges that the judgment contained two clerical errors, namely, misidentifying the subsection of the statute appellant was convicted under and miscalculating the proper amount of time served. Appellant asks us to modify the judgment to correct the errors.

We have the discretion to the modify the judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b). If the evidence necessary to correct a judgment appears in the record, we can reform what a trial court could have corrected by a judgment nunc pro

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* at 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at 68.4.

4

tunc such as making sure the judgment refers to the proper subsection of a statute pertaining to the convicted offense. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also Smith v. State*, No. 11-22-00224-CR, 2024 WL 628920, at *4 (Tex. App.—Eastland Feb. 15, 2024, no pet.) (mem. op., not designated for publication). Clerical errors are those that do not involve the exercise of judicial reasoning or determination. *In re Dryden*, 52 S.W.3d 257, 262 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.).

We may correct a clerical error for time credited towards a defendant's sentence when the record clearly shows that the defendant is entitled to additional days of credit. *See In re L.G.G.*, 398 S.W.3d 852, 863 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.). Here, the judgment credited appellant with 1,427 days served. However, the record clearly indicated appellant was arrested on May 29, 2020, and judgment was imposed on April 26, 2024. Therefore, appellant is entitled to credit for 1,428 days served.[3] We modify the judgment accordingly.

Similarly, the judgment lists the "statute for offense" as Texas Penal Code § 22.021(a)(2)(B); however, appellant asserts he pled guilty to Texas Penal Code § 22.021(a)(1)(B)(ii). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii). The record reflects that Count Two of the indictment alleged elements under both § 22.021(a)(1)(B)(ii) and § 22.021(a)(2)(B), and as part of his guilty plea, appellant stipulated to the truth of these allegations. We accordingly modify the judgment to reflect that the "statute for offense" is Texas Penal Code § 22.021. *See* TEX. PENAL CODE ANN. § 22.021.

---

[3] The State has not filed a responsive brief in this case.

5

## V. CONCLUSION

The trial court's judgment is affirmed as modified.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
17th day of July, 2025.

6