In the Matter of the MARRIAGE OF
William Robert WARD, Jr., and
Terri Lyne Ward

and

In the Interest of Brittanie Lyne Ward
and Brooke Leann Ward, Children.

No. 06–03–00121–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 12, 2004.

Decided June 9, 2004.

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, for appellant.

Donald W. Dowd, Lovelace & Dowd, Inc., Linden, for appellee.

Before MORRISS, C.J., ROSS and HADDEN,* JJ.

---

* Roby Hadden, Justice, Sitting by Assignment

1. According to a Cass County Child Support Office document titled "Individual Case History," William actually paid $2,623.00 from

## OPINION

Opinion by Justice ROSS.

In a child support enforcement action, Terri Lyne Ward appeals the trial court's granting of summary judgment in favor of her former husband, William Robert Ward, Jr. The trial court's judgment ordered that Terri take nothing and that the child support orders would not support the judgment sought. Terri contends on appeal that the trial court erred in granting summary judgment in favor of William and that it should have entered a clarifying order which would support the money judgment.

*Factual and Procedural History*

Terri and William divorced December 30, 1992. They had two daughters, ages twelve and eight, at the time of the divorce. The final decree of divorce (the 1992 decree) set William's child support obligation at $1,500.00 per month until the earliest of several listed events, the pertinent one being a "further order modifying this child support."

On March 27, 1996, a "further order," entitled "Order Modifying Child Support" (the 1996 order) modified the amount of the monthly payment to $2,623.00 until:

> any child reaches the age of 18 years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child-support payments will continue to be due and paid until the end of the school year in which the child graduates.

The 1996 order also provides that "[a]ll provisions of the final decree of divorce entered on December 30, 1992, that are not modified by this Order remain in full force and effect." William paid $2,623.00 [1]

January 4, 1996 until May 5, 1996, at which time the payment appears as $2,621.00 and continues in that amount until May 5, 1998.

per month from January 4, 1996 until the older daughter graduated from high school in May 1998. At that time, William began paying $1,500.00 per month again, the amount set in the 1992 decree. He continued to pay $1,500.00 per month from June 6, 1998 until May 2002, when the younger daughter graduated from high school.

Shortly thereafter, on June 2, 2002, Terri filed suit against William for enforcement of the 1996 order, contending that order impliedly obligated William to pay $2,623.00 per month until the younger daughter attained age eighteen. Terri sought to recover the deficiency through July 2002, $52,831.00, and moved the trial court to hold William in contempt, to place him in jail, and to fine him for each alleged violation. In her original and amended motions, Terri also requested the trial court enter a clarifying order if it determined that any part of the 1996 order was not specific enough to be enforced by contempt. On August 6, 2003, William filed a motion for summary judgment, and Terri filed a response to his motion wherein she again sought entry of a clarifying order, this time to support a money judgment in the amount of $28,723.20.[2]

At the hearing on the motion for summary judgment, Terri and William agreed that the facts were undisputed in this matter. By order signed October 7, 2003, the trial court granted summary judgment in favor of William, holding that the 1996 order was not sufficiently definite to support a contempt order[3] or a money judgment. While Terri had requested the trial court enter a clarifying order, the court's written and oral pronouncements do not directly address the issue of the clarifying order. The trial court's ruling, however, operates as a denial of her request for a clarifying order, and it is this denial which forms the issue presented to this Court on appeal.

*Standard of Review*

In order to prevail on a motion for summary judgment, a movant must show there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002); *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). Here, there is no question whether summary judgment was a proper remedy. The parties agreed at the trial court level, and again at oral argument, that the facts are undisputed and, therefore, summary judgment was available as a proper remedy. This leaves for us only questions of law. As with all questions of law, we will review de novo the granting of the summary judgment. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994).

*Analysis*

In Texas, both at common law and by statute, the natural father has a continuing and primary duty to support his children. *Gomez v. Perez,* 409 U.S. 535, 536, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). A court may order either or both parents to support a child in the manner specified by order:

(1) until the child is 18 years of age or until graduation from high school, whichever occurs later;

---

**2.** This amount represents arrearages based on an obligation to pay $2,098.40 per month. Terri argues that this is the amount the guidelines would have imposed and, thus, the amount the trial court intended to include in the 1996 order. She arrives at this figure using an algebraic formula based on the $2,623.00 obligation.

**3.** Even if the trial court had entered a clarifying order, as Terri requested, the Family Code prohibits the trial court from making the clarifying order retroactive for purposes of contempt. *See* Tex. Fam.Code Ann. § 157.425 (Vernon 2002).

(2) until the child is emancipated through marriage, through removal of the disabilities of minority by court order, or by other operation of law;

(3) until the death of the child; or

(4) if the child is disabled as defined in this chapter, for an indefinite period.

TEX. FAM.CODE ANN. § 154.001(a) (Vernon 2002). Specifically, the Family Code provides that "[a] child support order for more than one child shall provide that, on the termination of support for a child, the level of support for the remaining child or children is in accordance with the child support guidelines." TEX. FAM.CODE ANN. § 154.127 (Vernon 2002); *Deltuva v. Deltuva,* 113 S.W.3d 882, 887 (Tex.App.-Dallas 2003, no pet.).

The 1996 order fails to provide for a reduction in accordance with the Code guidelines on the older daughter's graduation from high school. The question Terri poses is whether this omission, this failure to include the provision as set out in Section 154.127, is a clerical error or one pertaining to judicial reasoning. *See Dickens v. Willis,* 957 S.W.2d 657, 659 (Tex. App.-Austin 1997, no pet.). Terri framed the issue at oral argument as follows: if the error in omitting the provision that addresses the support of the younger daughter is a judicial error, rather than a clerical error, then Terri loses her argument on appeal.

■ The Family Code specifically provides that "[a] court may clarify an order rendered by the court in a proceeding under this title if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt." TEX.

FAM.CODE ANN. § 157.421 (Vernon 2002). However, the Family Code also prohibits a court from substantively changing the provisions of an earlier order with a clarifying order. TEX. FAM.CODE ANN. § 157.423 (Vernon 2002); *Dickens,* 957 S.W.2d at 659. A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively change a final order.[4] *In re Dryden,* 52 S.W.3d 257, 263 (Tex.App.-Corpus Christi 2001, no pet.).

■ A clerical error results from inaccurately recording the decision of the court. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986); *Dickens,* 957 S.W.2d at 659. To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986); *Gutierrez v. Gutierrez,* 86 S.W.3d 721, 726 (Tex.App.-El Paso 2002, no pet.). Correction of a clerical error does not effect a substantive change in the court's order. *Dickens,* 957 S.W.2d at 659. On the other hand, a judicial error results from judicial reasoning or determination. *Id.* Substantive change results from correction of a judicial error. For instance, an attempt to impose a specific obligation to pay where no such obligation had previously existed is an unlawful substantive change, not a mere clarification or correction of a clerical error. *McGehee v. Epley,* 661 S.W.2d 924, 925–26 (Tex.1983); *In re Broussard,* 112 S.W.3d 827, 833–34 (Tex. App.-Houston [14th Dist.] 2003, orig. proceeding).

■ The salient distinction between "clerical" and "judicial" errors lies in the exercise of the judgmental offices of the

---

4. As the *Dickens* court points out, TEX. FAM. CODE ANN. § 157.423 (Vernon 2002) does not define "substantive change." We look to a similar area of the law for guidance. Like clarification orders, judgments nunc pro tunc cannot substantively change a final order; therefore, caselaw addressing such judgments illuminates what constitutes an impermissible substantive change. *Dickens v. Willis,* 957 S.W.2d 657, 659 (Tex.App.-Austin 1997, no pet.).

court. *Andrews*, 702 S.W.2d at 585. In *Andrews*, a probate court order allowed a sale of estate property in accordance with a real estate sales contract, which included a grant of an easement. *Id.* The recorded deed failed to mention the easement, however. *Id.* The administrators obtained from the probate court an order nunc pro tunc correcting the deed to reflect the conveyance of the easement. *Id.* After the court of appeals reversed the probate court's decision, the Texas Supreme Court determined the correction was proper and affirmed the probate court's correction. *Id.* at 586. The court reasoned, since the entry of the order nunc pro tunc would not involve additional judicial reasoning, the error at issue was clerical in nature and the probate court could correct the deed to properly reflect the judgment originally rendered. *Id.*

To further illustrate the well-established rules regarding what qualifies as a judicial error, we look to the 1891 case of *Missouri Pac. Ry. Co. v. Haynes*, in which respondents sued the railway company for the value of eighty-seven bales of cotton, weighing 43,064 pounds, destroyed by fire negligently caused by the company while the cotton was in its possession. 82 Tex. 448, 18 S.W. 605 (1891). There was no controversy over the number of bales or their weight, and at the trial the railway company did not deny that eighty-seven bales were burned. *Id.* However, in its calculation of the gross weight of the cotton destroyed, the trial court omitted the bill of lading for six bales of cotton. *Id.* Nearly six months after judgment was rendered, respondents moved the trial court to correct the judgment to include the value of the six bales. *Id.* The trial judge testified that he found for respondents the weight of the entire eighty-seven bales, that he intended to give judgment

for that amount, and that he thought he had done so until the motion to correct the judgment was filed. *Id.* The trial court granted the motion. *Id.* The Texas Supreme Court disagreed, concluding that respondents' remedy, if any, would have been by a timely motion for new trial or by appeal rather than a motion to reform a final judgment. *Id.* The failure of the court to consider and compute the value of the six bales of cotton was a judicial error, not a clerical error. It was a failure to consider evidence in the case and represented an erroneous judgment on the facts. *Id.*

Similar determinations can be found in cases involving child support orders and modifications. For instance, when, after its plenary power expired, the trial court entered a judgment that ordered a father to pay $38.00 per month in reimbursement of his child's healthcare insurance premiums and the original judgment did not impose such an obligation, the corrected judgment was ineffective as a judgment nunc pro tunc[5] and was void. *Broussard*, 112 S.W.3d at 833–34. The attempted correction did not involve a mere clerical error since it imposed an obligation where previously there had been none. *Id.* The trial court is given broad discretion in assessing child support payments. *In re Striegler*, 915 S.W.2d 629, 639 (Tex.App.-Amarillo 1996, writ denied). The trial court is given a number of factors to consider in setting the amount of child support payments. TEX. FAM.CODE ANN. §§ 154.123, 154.126, 154.128, 154.129 (Vernon 2002).

Additionally, Terri bears a heavy burden in trying to establish that the error involved is clerical in nature. The proponent of such a position must provide clear

---

5. Respondent wife sought a judgment nunc pro tunc pursuant to TEX.R. CIV. P. 306a(6) rather than a clarifying order under TEX. FAM. CODE ANN. § 157.421 (Vernon 2002).

and convincing evidence the error is clerical in nature and, thus, one for which a clarification order may be entered. *Broussard*, 112 S.W.3d at 833; *Dryden*, 52 S.W.3d at 263–64.

Terri relies heavily on *Dickens* to support her contention that this error is clerical in nature. The divorce decree in *Dickens* designated Thomas, the respondent, as managing conservator and Connie, the petitioner, as the possessory conservator. *Dickens*, 957 S.W.2d at 658. The 1986 decree provided, however, that "respondent pay to petitioner support in the amount of $50.00 per month per child...." *Id.* In 1995, Thomas moved to enforce the child support obligation and sought a clarifying order regarding the order that "respondent ... pay to petitioner." *Id.* The trial court determined the misidentification of respondent and petitioner in that portion of the 1986 divorce decree awarding child support a clerical error, entered a clarifying order correctly labeling the parties, and ordered Connie to pay arrearages. *Id.*

In 1996, when Connie still did not pay child support, Thomas again moved for enforcement. *Id.* The trial court, this time, concluded that the 1995 clarifying order was unenforceable because it substantively changed the 1986 divorce decree. *Id.* On appeal, Thomas argued that the error in the 1986 decree was a clerical error and, therefore, the 1995 clarifying order was enforceable. Connie argued that the 1995 order constituted a substantive change of the original decree. *Id.* at 658–59. However, a letter from Connie's attorney referred to the "typographical error" in the court's order. *Id.* at 659. Also, a docket entry from the judge presiding over the divorce proceedings referred to the parties in their proper capacities and indicated the trial court had, in fact, ordered Connie, the petitioner, to pay child support. *Id.* Further, the rest of the 1986 decree also led the Austin court to conclude that the error was a clerical one and that the trial court's original judgment ordered Connie to pay child support to Thomas. *Id.* at 659–60. The error was simply one made while reducing the original judgment to writing.

We find the error and the facts in *Dickens* distinguishable from those in the instant case. While clarifying the erroneous assignment of the titles "petitioner" and "respondent" in *Dickens* might appear to impose an obligation where none had previously existed, the error obviously related only to a mistake in identifying the custodial and noncustodial parents by their titles in the litigation. The record of the proceedings underlying the erroneous order clearly contained several indications that reflected the intended and proper positions of the parties. We find no such evidence in the record before us.

The inclusion of the provision as set forth in Section 154.127 of the Family Code and the calculations which would necessarily follow such an order involve additional judicial reasoning. Considering the trial court's broad discretion in evaluating factors in setting the child support obligation, providing that the support would continue in an "amount according to the child support guidelines" necessarily involves judicial reasoning. Like the omission of the calculations missing from the judgment in *Missouri Pac. Ry. Co.*, we have before us an omission that necessarily calls for consideration of evidence and computation, an omission which a clarification order may not correct. And, like the attempted correction in *Broussard*, a clarification order as sought here, one which would support the money judgment Terri seeks, would impose an obligation where none had previously existed and, accordingly, would be an impermissible correc-

tion of a judicial error after the trial court's plenary power has expired.[6]

Here, Terri fails to convince this Court that the omission is simply a clerical one. The record before us, which does not contain the now-unavailable court reporter's notes pertaining to the 1992 decree or the 1996 order, does not demonstrate that the 1996 order simply failed to record the judgment of the trial court. We have no way to determine precisely what that judgment was. We do know, however, that the trial court overruled a motion for new trial, a fact which lends support to the conclusion that the judgment recorded was the judgment rendered.

Terri, therefore, has not, and cannot, establish that the omission in the 1996 order is simply an omission in recording the trial court's judgment. Rather, on these facts, entry of a clarifying order as Terri requested would impose an obligation to pay a higher amount of child support where, previously, none had existed, thus constituting an improper substantive change to the court's orders. The Family Code expressly prohibits the trial court from entering such an order.

*Conclusion*

We cannot say the error in omitting from the 1996 order a provision for the support of the younger daughter is merely a clerical error. On the record before us, the error in the 1996 order was judicial in nature and, as such, should have been made the subject of an appeal from the 1996 order. Because Terri made no such timely appeal, we are now without jurisdiction to hear her complaint. We overrule Terri's sole point of error and affirm the

trial court's granting of summary judgment in William's favor.

---

**6.** Further, we note that a clarifying order would impose an additional obligation on a party who had, for years, complied with the trial court's orders as they stand. The 1996 order included a provision that the 1992 decree remain in full force and effect unless modified by the 1996 order. The 1996 order expressly applied until the older daughter graduated high school or reached age eighteen. Therefore, on expiration of the 1996 order, having no other instruction, William paid the amount ordered in the 1992 decree, made applicable by the language of the 1996 order.