**In the Interest of V.M.P., J.R.P. and B.L.P., Children.**

No. 06–04–00128–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 5, 2005.

Decided Jan. 31, 2006.

---

9. A formal writ of mandamus will not issue unless the trial court fails to comply with this conditional order.

Wayne Toliver, Gilmer, for appellant.

Alex Tyra, Law Office of Alex Tyra, Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

By the time the trial court began issuing orders in this ongoing child support dispute between ex-spouses Virginia Denise Magouirk and Douglas Edward Pace, there were five motions pending regarding Douglas' child support obligations—originally ordered in 1993—including Virginia's motions to modify, enforce,[1] and clarify, as well as Douglas' motions to modify and clarify. Springing from those five motions, a collection of relevant court orders, and Virginia's responses to those orders, are revealed by the record. The collection is detailed in the following list:

August 18, 2004　Trial court signs order denying Virginia's motion to enforce.

September 22, 2004　Virginia files a motion for new trial.

October 13, 2004　Two additional orders are signed.

(A) The trial court signs "Order Modifying Child Support Obligations." This order directs Douglas to pay weekly child support of $211.46 (as long as there were three minor children, none of whom had graduated from high school, become married, or otherwise become emancipated), $176.22 (when two children remained), and $140.97 (when one child remained).

---

1. Virginia alleged that Douglas owed her $24,874.58 in overdue child support.

(B) The trial court also signs an order titled "Amended Order Denying [Virginia's] Motion for Enforcement of Child Support and Order of Clarification."

November 12, 2004    Virginia files a notice of appeal.

The end result of the trial court's orders is the denial of Virginia's motion to enforce Douglas' child support obligation and the modification of his obligation. On appeal,[2] Virginia attacks various aspects of the trial court's denial of her motion to enforce and the fact that the trial court "clarified" the original child support order. We affirm because (1) Virginia did not timely appeal the denial of her motion to enforce, and (2) the trial court was empowered to modify Douglas' child support obligation.

*(1) Virginia Did Not Timely Appeal the Denial of Her Motion to Enforce*

▮▮▮▮ Before we address the issues Virginia presents, we must first determine the proper scope of our appellate jurisdiction over those issues. *See, e.g., Am. Broadcasting Cos. v. Gill*, 6 S.W.3d 19, 26 (Tex.App.-San Antonio 1999, pet. denied), *overruled in part on other grounds by Turner v. KTRK TV., Inc.*, 38 S.W.3d 103 (Tex.2000). On August 18, 2004, the trial court signed an order denying Virginia's motion for enforcement and held the original divorce decree was too vague and ambiguous to be enforced. Virginia's motion for new trial—filed more than thirty days after the trial court signed the order denying enforcement—was untimely. *See* Tex.R. Civ. P. 329(a) (motion for new trial due within thirty days from date appealable order is signed). Therefore, Virginia's notice of appeal, filed November 12, 2004, was submitted too late to properly appeal the August 18 order denying enforcement.[3] *See* Tex.R.App. P. 26.1 (notice of appeal due within thirty days of appealable order if motion for new trial not timely filed). As Virginia's first through fifth issues[4] all relate to the propriety of the

---

**2.** Virginia's appeal raises six issues: (1) the trial court erroneously found the 1993 decree vague and ambiguous because the court's ruling came after it conducted a trial on Virginia's motion for enforcement; (2) the court lacked jurisdiction to declare the original divorce decree vague and ambiguous because the trial court's jurisdiction to do so expired in 1993; (3) the court erroneously found the 1993 divorce decree vague and ambiguous because it is specific enough to be enforced through money judgment; (4) the court erroneously ruled contrary to Douglas' judicial admissions; (5) the court erred by failing to award Virginia's attorneys' fees; and (6) the court erred by clarifying a substantive provision of the 1993 decree. Issues one through five all attack the trial court's denial of Virginia's motion to enforce. Issue six attacks the "clarification" of Douglas' child support obligation.

**3.** The trial court's October 13, 2004, order purporting to deny, again, Virginia's motion to enforce was ineffective to extend her deadline to file a notice of appeal because the order was issued after expiration of the trial court's plenary power to change its order on the motion to enforce. *See* Tex.R. Civ. P. 329b(d) (plenary power exists for thirty days after judgment signed).

**4.** Relative to Virginia's third point of error, we note some apparent confusion as to whether a finding that the 1993 child support order was insufficient to support a *contempt finding* also meant that the 1993 child support order was sufficiently vague to preclude a *money judgment* and, therefore, subject to clarification by the trial court.

The remedies for delinquent child support—of either (1) pursuing contempt or (2) obtaining a money judgment—are "separate and distinct." *In re Dickinson*, 829 S.W.2d 919, 921 (Tex.App.-Amarillo 1992, no writ). For contempt, the trial court looks primarily to the four corners of the underlying order to determine whether the obligor has violated that order. *See, e.g., Ex parte Lindeman*, 492 S.W.2d 599 (Tex.App.-Fort Worth 1973, orig. proceeding) (examining original decree to de-

August 18 order, we must overrule each for want of jurisdiction.

*(2) The Trial Court Was Empowered to Modify Douglas' Child Support Obligation*

In her final point of error, Virginia contends the trial court's October 13 "clarification" order amounts to an improper substantive change. While we agree that the "clarification" was, indeed, a modification, we conclude the trial court had authority to modify the child support obligation, and thus committed no error in doing so.

Article 157.421 of the Texas Family Code permits a trial court to "clarify" a previous child support order by "rendering an order that is specific enough to be enforced by contempt." TEX. FAM.CODE ANN. § 157.421 (Vernon 2002). However, "[a] court may *not* change the substantive provisions of an order to be clarified. . . ." TEX. FAM.CODE ANN. § 157.423 (Vernon 2002) (emphasis added). A substantive change made through a clarification order is unenforceable. *Id.*

■ "A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively change a final order." *In re Marriage of Ward,* 137 S.W.3d 910, 913 (Tex.App.-Texarkana 2004, no pet.) (citing *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986)). "To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination." *Ward,* 137 S.W.3d at 913 (citing *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986)). "Correction of a clerical error does not effect a substantive change in the court's order." *Ward,* 137 S.W.3d at 913 (citing *Dickens v. Willis,* 957 S.W.2d 657, 659 (Tex.App.-Austin 1997, no pet.)). "On the other hand, judicial error results from judicial reasoning or determination." *Ward,* 137 S.W.3d at 913 (citing *Dickens,* 957 S.W.2d at 659). "Substantive change results from correction of a judicial error." *Id.*

■ In the instant case, the 1993 decree ordered Douglas to pay child support of "$97.50 per week, or 30% of his net weekly income (as defined by the Family Code), whichever is more. . . ." The trial court's "clarification" order ordered Douglas to pay only $97.50 per week, without providing for potential percentage increase that was clearly envisioned by the 1993 order. This is clearly a substantive change, which our Code expressly forbids—unless there is authority to modify.

■ And, in this case, the trial court *did have authority* (pursuant to the parties' motions requesting modification) *and jurisdiction* (pursuant to TEX. FAM.CODE ANN. § 156.401 (Vernon Supp.2005)) *to modify* Douglas' child support obligation. Thus, to the extent that the trial court's

termine if sufficiently specific to support subsequent contempt finding). For a money judgment, the trial court is less concerned with the four corners of the original decree and more concerned with whether the movant's proof is sufficient to support a dollar amount. *See* TEX. FAM.CODE ANN. § 157.162(a) (Vernon 2002). And unlike a contempt proceeding, *see* TEX. FAM.CODE ANN. § 157.114 (Vernon 2002), the respondent need not be present at the hearing on a motion to enforce in order for the movant to be awarded a money judgment. TEX. FAM.CODE ANN. § 157.115 (Vernon 2002). Nor does a finding that the respondent is not in contempt preclude the award of a money judgment for back-owed child support. TEX. FAM.CODE ANN. § 157.162(b). Therefore, while a child support order may be too vague to support a finding of contempt, such a finding does not preclude the award of a money judgment. *See Gross v. Gross,* 808 S.W.2d 215, 219 (Tex. App.-Houston [14th Dist.] 1991, no writ).

Because we lack jurisdiction to review the trial court's finding that the 1993 order was too vague, we do not decide whether the trial court erred by finding the 1993 order was too vague to enforce.

"clarification" order of October 13, 2004, amounted to a substantive modification, such change would certainly have been permissible if it were rendered as part of a "modification" order. We, therefore, conclude the trial court, while mistaken in titling its order, did not err in entering the order. Accordingly, we overrule Virginia's final point of error.

There being no other issues presented, and for the reasons stated, we affirm the trial court's judgment.