In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00142-CR


______________________________




JONATHAN BILLY TAYLOR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 34,207-B




 



Before Carter, Moseley and Cornelius,* JJ.


Opinion by Justice Cornelius



________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Jonathan Billy Taylor was convicted, in a bench trial, of the offense of manslaughter. The
trial court set Taylor's punishment at twenty years' confinement.

 Taylor does not challenge the sufficiency of the evidence to support the conviction. He raises
only one issue on appeal: the trial court's alleged error in denying Taylor's motion to withdraw his
waiver of a jury trial.

 Taylor was indicted on April 5, 2006. On September 26, 2006, Taylor filed a motion electing
to have a jury assess his punishment, and on October 13, 2006, he waived arraignment and the trial
court entered a pretrial order. The next activity in the case was on June 20, 2007, when Taylor
signed a written waiver of jury trial, an agreement to plead guilty to the offense, and a stipulation of
evidence. On that occasion, the trial court admonished Taylor personally in open court concerning
the knowing and voluntary nature of the jury waiver and its consequences. Also at the same time,
the trial court set Taylor's trial on his guilty plea for July 6, 2007. Three days before that trial date,
Taylor sent a personal letter to the Gregg County Community Supervision Office, with a copy to the
trial court, in which he indicated that he intended to ask that his jury waiver be withdrawn, but he
did not file a motion to withdraw the jury waiver until July 6, 2007, the day set for the trial. On that
date, the trial court moved the date for Taylor's trial on the guilty plea from July 6, 2007, to July 26,
2007, and set July 16, 2007, as the day for hearing Taylor's motion to withdraw his jury waiver. At
the hearing on the motion to withdraw the jury waiver, Taylor's former attorney, the State's attorney,
and Taylor himself testified. The trial court made comments and observations concerning the effect
a withdrawal of the jury waiver would have on the court's docket, and Taylor's current attorney
presented argument on the merits of the motion. The trial court then overruled Taylor's motion to
withdraw  his  waiver  of  jury  trial,  and  the  case  was  tried  before the court  on  Taylor's  not
 guilty  plea on July 26, 2007.

 Both the United States Constitution and the Texas Constitution guarantee the right to a trial
by jury. U.S. Const. amend. VI; Tex. Const. art. I, § 15; see also Tex. Code Crim. Proc. Ann.
art. 1.12 (Vernon 2005). The right to a jury trial may be waived in a criminal case if the defendant
personally signs a written waiver in open court with the consent and approval of the court and the
State's attorney. Tex. Code Crim. Proc. Ann. art. 1.13 (Vernon 2005).

 A defendant may withdraw his waiver of jury trial if the motion to withdraw is made
sufficiently in advance of trial that the granting of the motion will not produce adverse consequences. 
Marquez v. State, 921 S.W.2d 217, 221-22 (Tex. Crim. App. 1996). Adverse consequences that may
authorize a court to deny a motion to withdraw a jury waiver are (1) interference with the orderly
administration of the business of the court; (2) unnecessary delay or inconvenience to witnesses; or
(3) prejudice to the State. If any of these adverse consequences would occur, the court does not err
in overruling the motion to withdraw. Id. at 222. Because a motion to withdraw a jury waiver is a
request to change the status quo, the movant has the burden to show facts entitling him to relief, i.e.,
that no adverse consequence will follow from granting the motion to withdraw. Id. at 222-23.

 We review a trial court's overruling of a motion to withdraw a jury trial waiver for an abuse
of discretion. Id. at 219. A trial court abuses its discretion when it acts without reference to guiding
rules and principles, or in other words, when it acts arbitrarily or capriciously. Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990). If the State, the record itself, or the trial court rebuts
the defendant's claim of no adverse consequences, the trial court does not abuse its discretion in
denying the motion to withdraw the waiver of jury trial. Marquez v. State, 921 S.W.2d at 223; In
re J.I.C., No. 08-02-00239-CV, 2004 Tex. App. LEXIS 2758 (Tex. App.--El Paso Mar. 26, 2004,
no pet.).

 At the hearing on the motion to withdraw the jury waiver, Taylor's former attorney, Kevin
Settle, testified that he was not aware that any witness was inconvenienced by the court's moving the
trial setting from July 6 to July 26, 2007, and that Taylor informed the community supervision office
and the trial court by letter on July 3, 2007, that he intended not to plead guilty on July 6 as
previously agreed, and wanted a jury trial. Settle further testified he had no evidence and no reason
to believe that Taylor was seeking to withdraw his jury waiver for the sole purpose of delaying the
trial, and Settle said he believed that Taylor was being honest and truthful in his desire to have a jury
trial. Settle also said he could not answer whether any adverse consequence would occur if the jury
waiver were withdrawn, but he knew of none.

 The State's attorney, William Jennings, testified. He said there were no witnesses present
in court on July 6, 2007, who were inconvenienced by the court's moving the nonjury trial date to
July 26. He also testified that Taylor's making a request to withdraw his jury waiver had no impact
on the State's case, but in his opinion, allowing the withdrawal of jury waivers would greatly
inconvenience the court. Jennings said he had no way of knowing if some of the witnesses in
Taylor's case would have been inconvenienced if they had been given only ten days' notice of the
withdrawal of Taylor's jury waiver and the case being set for jury trial. Jennings also testified he
believed it could interfere with the business of the court if the court gave Taylor a jury trial after he
had previously waived a jury.

 Taylor testified that he knew he had a right to a jury trial when he waived that right; that his
attorney explained his rights to him and he knew what he was doing; that subsequent to his waiver
he made a decision to withdraw the waiver and change his plea; he did not change his mind and ask
for a jury trial for the purpose of delaying the trial, but so he could change his plea and have a jury
trial. 

 On completion of the testimony, the trial court took judicial notice of its trial schedule and
its records, and made observations about the effect that a withdrawal of Taylor's waiver of a jury trial
would have had. The court noted that its docket is extremely heavy, with jury weeks containing
specific trial settings extending well beyond the month of August. The court commented that giving
Taylor a jury trial at this time and in the existing circumstances would require taking cases off the
trial docket that the State had in good faith already made plans to try on those weeks. In summary,
the trial court said that to allow the withdrawal of Taylor's jury waiver in these circumstances would
"wreck" the court's docket and would interfere with the orderly administration of the business of the
court.

 We conclude that Taylor has failed to carry his burden to produce sufficient facts showing
that no adverse consequences would result from the granting of his motion to withdraw his jury
waiver. The trial court is vested with broad discretion to manage and control its docket in order to
promote the orderly and efficient administration of justice while protecting the statutory and
constitutional rights of all persons who come before the court. Marquez v. State, 921 S.W.2d at 223. 
It appears that the trial court has acted in these circumstances in a good-faith effort to fairly and
efficiently administer justice. Taylor has not shown otherwise. We, therefore, conclude that the trial
court did not abuse its discretion in denying Taylor's motion to withdraw his waiver of a jury trial.

 We affirm the judgment of the trial court.


 William J. Cornelius*

 Justice


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


Date Submitted: March 14, 2008

Date Decided: May 6, 2008


Publish



#160;    October 13, 2004        Two additional orders are signed.
(A) The trial court signs "Order Modifying Child Support
Obligations." This order directs Douglas to pay weekly child support
of $211.46 (as long as there were three minor children, none of whom
had graduated from high school, become married, or otherwise
become emancipated), $176.22 (when two children remained), and
$140.97 (when one child remained).
(B) The trial court also signs an order titled "Amended Order Denying
[Virginia's] Motion for Enforcement of Child Support and Order of
Clarification."
 
            November 12, 2004    Virginia files a notice of appeal. 

            The end result of the trial court's orders is the denial of Virginia's motion to enforce Douglas'
child support obligation and the modification of his obligation. On appeal,


 Virginia attacks various
aspects of the trial court's denial of her motion to enforce and the fact that the trial court "clarified"
the original child support order. We affirm because (1) Virginia did not timely appeal the denial of
her motion to enforce, and (2) the trial court was empowered to modify Douglas' child support
obligation.
(1)       Virginia Did Not Timely Appeal the Denial of Her Motion to Enforce
            Before we address the issues Virginia presents, we must first determine the proper scope of
our appellate jurisdiction over those issues. See, e.g., Am. Broadcasting Cos. v. Gill, 6 S.W.3d 19,
26 (Tex. App.—San Antonio 1999, pet. denied), overruled in part on other grounds by Turner v.
KTRK TV, Inc., 38 S.W.3d 103 (Tex. 2000). On August 18, 2004, the trial court signed an order
denying Virginia's motion for enforcement and held the original divorce decree was too vague and
ambiguous to be enforced. Virginia's motion for new trial—filed more than thirty days after the trial
court signed the order denying enforcement—was untimely. See Tex. R. Civ. P. 329(a) (motion for
new trial due within thirty days from date appealable order is signed). Therefore, Virginia's notice
of appeal, filed November 12, 2004, was submitted too late to properly appeal the August 18 order
denying enforcement.


 See Tex. R. App. P. 26.1 (notice of appeal due within thirty days of
appealable order if motion for new trial not timely filed). As Virginia's first through fifth issues


 all
relate to the propriety of the August 18 order, we must overrule each for want of jurisdiction.
(2)       The Trial Court Was Empowered to Modify Douglas' Child Support Obligation
            In her final point of error, Virginia contends the trial court's October 13 "clarification" order
amounts to an improper substantive change. While we agree that the "clarification" was, indeed, a
modification, we conclude the trial court had authority to modify the child support obligation, and
thus committed no error in doing so.
            Article 157.421 of the Texas Family Code permits a trial court to "clarify" a previous child
support order by "rendering an order that is specific enough to be enforced by contempt." Tex. Fam.
Code Ann. § 157.421 (Vernon 2002). However, "[a] court may not change the substantive
provisions of an order to be clarified . . . ." Tex. Fam. Code Ann. § 157.423 (Vernon 2002)
(emphasis added). A substantive change made through a clarification order is unenforceable. Id.
            "A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively
change a final order." In re Marriage of Ward, 137 S.W.3d 910, 913 (Tex. App.—Texarkana 2004,
no pet.) (citing Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986)). "To be clerical in nature,
the error must be one that is not the result of judicial reasoning, evidence, or determination." Ward,
137 S.W.3d at 913 (citing Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986)). "Correction of a
clerical error does not effect a substantive change in the court's order." Ward, 137 S.W.3d at 913
(citing Dickens v. Willis, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.)). "On the other
hand, judicial error results from judicial reasoning or determination." Ward, 137 S.W.3d at 913
(citing Dickens, 957 S.W.2d at 659). "Substantive change results from correction of a judicial error." 
Id.
            In the instant case, the 1993 decree ordered Douglas to pay child support of "$97.50 per
week, or 30% of his net weekly income (as defined by the Family Code), whichever is more . . . ." 
The trial court's "clarification" order ordered Douglas to pay only $97.50 per week, without
providing for potential percentage increase that was clearly envisioned by the 1993 order. This is
clearly a substantive change, which our Code expressly forbids—unless there is authority to modify.
            And, in this case, the trial court did have authority (pursuant to the parties' motions
requesting modification) and jurisdiction (pursuant to Tex. Fam. Code Ann. § 156.401 (Vernon
Supp. 2005)) to modify Douglas' child support obligation. Thus, to the extent that the trial court's
"clarification" order of October 13, 2004, amounted to a substantive modification, such change
would certainly have been permissible if it were rendered as part of a "modification" order. We,
therefore, conclude the trial court, while mistaken in titling its order, did not err in entering the order. 
Accordingly, we overrule Virginia's final point of error.
 
 
 
 
            There being no other issues presented, and for the reasons stated, we affirm the trial court's
judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 5, 2005
Date Decided:             January 31, 2006