

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-447-CV

IN RE CINDY LYNN RHODES                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1] AND JUDGMENT

------------

The court has considered Relator Cindy Lynn Rhodes's petition for writ of mandamus, Real Party in Interest Douglas Rhodes's response, and Cindy's reply. Both parties agree—although for different reasons—that the trial court's December 11, 2009 "Order On Motion For Clarification Of Prior Order For Possession Or Access is void."[2]

This original proceeding arises out of the parties' divorce. The final

---

[1] *See* Tex. R. App. P. 47.4.

[2] Cindy contends that the December 11 clarification order is void because it exceeds the parameters of a clarification order as set forth in Texas Family Code section 157.423. *See* Tex. Fam. Code Ann. § 157.423 (Vernon 2008). Douglas contends that the December 11 clarification order is void because the February 10, 2009 "Order In Suit To Modify Parent Child Relationship" was void. The only issue before this court in this original proceeding filed by Cindy as Relator is whether the trial court's December 11 clarification order exceeds the scope of Texas Family Code section 157.423.

divorce decree gave Cindy the exclusive right to designate the primary residence of the couple's four children within Tarrant County, Texas. Approximately four months after the final decree was signed, Cindy filed a petition to modify, asking the court to grant her the exclusive right to designate the temporary primary residence of the children in and around the area in which she is assigned while mobilized as part of the United States Navy. Douglas filed a counterpetition seeking to be designated as the person with the right to designate the primary residence of the children. The trial court thereafter heard the parties' motions and signed an order granting Cindy's request. The requested modification stated, "The domicile restriction is lifted, but only to the extent necessary to allow Cindy Lynn Rhodes to comply with her U.S. Navy Reserve Orders until she is eligible to retire from military service."

Approximately nine months later, Cindy moved to Virginia to comply with U.S. Navy Reserve Orders, and Douglas filed a motion for clarification of the prior order. Ultimately, the trial court signed a clarification order. The clarification order states, "Cindy Lynn Rhodes shall not remove the domicile of the children from Tarrant County, Texas unless she is required to move in order to comply with mandatory orders from the military." It was further ordered that Cindy comply with the terms of the new order by 12:00 p.m. on December 28,

2009.

Before that time expired, Cindy filed a petition for writ of mandamus, along with an emergency motion for temporary relief. We granted the motion for temporary relief, stayed the proceedings below pending our review of the petition for writ of mandamus, and requested a response from Douglas, which he has filed.

The Texas Family Code specifically provides that "[a] court may clarify an order rendered by the court in a proceeding under this title if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt." *See* Tex. Fam. Code Ann. § 157.421 (Vernon 2008). However, the family code also prohibits a court from substantively changing the provisions of an earlier order with a clarifying order. *Id.* § 157.423. A substantive change made through a clarification order is unenforceable. *Id.*

A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively change a final order, it can only correct a clerical error. *In re Marriage of Ward*, 137 S.W.3d 910, 913 (Tex. App.—Texarkana 2004, no pet.); *In re Dryden*, 52 S.W.3d 257, 263 (Tex. App.—Corpus Christi 2001, orig. proceeding). To be clerical in nature, the error must be one that is not the

3

result of judicial reasoning, evidence, or determination. *In re V.M.P.*, 185 S.W.3d 531, 534 (Tex. App.—Texarkana 2006, no pet.); *Ward*, 137 S.W.3d at 913. Correction of a clerical error does not effect a substantive change in the court's order. *V.M.P.*, 185 S.W.3d at 534; *Ward*, 137 S.W.3d at 913. An error that results from judicial reasoning or judicial determination, however, is not a clerical error. *V.M.P.*, 185 S.W.3d at 534; *Ward*, 137 S.W.3d at 913.

The proponent of a clarification motion bears a heavy burden in trying to establish that the error involved is clerical in nature. *Ward*, 137 S.W.3d at 914. The proponent must provide clear and convincing evidence that the error is clerical in nature and thus one for which a clarification order may be entered. *Id.* at 914–15.

Here, Douglas, as the proponent of the clarification, does not contend that the clarification was merely clerical; instead, he focuses his arguments on the alleged voidness of the initial modification order.

The clarification order here does not correct a clerical error in the modification order but instead makes a substantive change. The modification order provides that the "domicile restriction is lifted," followed by "to the extent necessary to  allow Cindy Lynn Rhodes to comply with her U.S. Navy Reserve Orders." The clarification order, on the other hand, provides that "Cindy Lynn

4

Rhodes shall not remove the domicile of the children from Tarrant County, Texas unless she is required to move in order to comply with mandatory orders from the military." Thus, the modification order *lifted the domicile restriction* to permit Rhodes to *comply with* military orders (whether mandatory or not) while the clarification order *prohibited a change in domicile* of the children but for *mandatory* military orders. Additionally, the clarification order required Cindy to comply with the terms of this "*new order*" by 12:00 p.m. on December 28, indicating the "*new order*" contained a substantive change that Cindy was required to comply with. Because the clarification order makes a substantive change to the modification order, it is unenforceable. *See* Tex. Fam. Code Ann. § 157.423; *Dryden*, 52 S.W.3d at 263. Accordingly, we grant Relator's petition for writ of mandamus, we order the trial court to set aside its December 11 clarification order, and we dissolve the December 17, 2009 stay issued by this court.[3] The writ will issue only if the trial court fails to comply.

Douglas shall pay all costs of this original proceeding, for which let execution issue.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: January 11, 2010

---

[3] Based on our disposition, Cindy's January 7, 2010 "Emergency Motion For Temporary Relief" is denied as moot.

5