COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO.
2-09-447-CV

 

 

IN
RE CINDY LYNN RHODES                                                     RELATOR

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                  MEMORANDUM
OPINION[1] AND JUDGMENT

                                              ------------

The court has considered Relator Cindy Lynn
Rhodes=s
petition for writ of mandamus, Real Party in Interest Douglas Rhodes=s
response, and Cindy=s reply.  Both parties agreeCalthough
for different reasonsCthat the trial court=s
December 11, 2009 AOrder On Motion For
Clarification Of Prior Order For Possession Or Access is void.@[2]








This original proceeding arises out of the
parties=
divorce.  The final divorce decree gave
Cindy the exclusive right to designate the primary residence of the couple=s four
children within Tarrant County, Texas. Approximately four months after the
final decree was signed, Cindy filed a petition to modify, asking the court to
grant her the exclusive right to designate the temporary primary residence of
the children in and around the area in which she is assigned while mobilized as
part of the United States Navy.  Douglas
filed a counterpetition seeking to be designated as the person with the right
to designate the primary residence of the children.  The trial court thereafter heard the parties= motions
and signed an order granting Cindy=s
request.  The requested modification
stated, AThe
domicile restriction is lifted, but only to the extent necessary to allow Cindy
Lynn Rhodes to comply with her U.S. Navy Reserve Orders until she is eligible
to retire from military service.@  








Approximately nine months later, Cindy moved
to Virginia to comply with U.S. Navy Reserve Orders, and Douglas filed a motion
for clarification of the prior order. 
Ultimately, the trial court signed a clarification order.  The clarification order states, ACindy
Lynn Rhodes shall not remove the domicile of the children from Tarrant County,
Texas unless she is required to move in order to comply with mandatory orders
from the military.@ 
It was further ordered that Cindy comply with the terms of the new order
by 12:00 p.m. on December 28, 2009.

Before that time expired, Cindy filed a
petition for writ of mandamus, along with an emergency motion for temporary
relief.  We granted the motion for
temporary relief, stayed the proceedings below pending our review of the
petition for writ of mandamus, and requested a response from Douglas, which he
has filed.

The Texas Family Code specifically provides
that A[a]
court may clarify an order rendered by the court in a proceeding under this
title if the court finds, on the motion of a party or on the court=s own
motion, that the order is not specific enough to be enforced by contempt.@  See Tex. Fam. Code Ann. ' 157.421
(Vernon 2008).  However, the family code
also prohibits a court from substantively changing the provisions of an earlier
order with a clarifying order.  Id.
'
157.423.  A substantive change made
through a clarification order is unenforceable. 
Id.








A clarification order is analogous to a
judgment nunc pro tunc in that it cannot substantively change a final order, it
can only correct a clerical error.  In
re Marriage of Ward, 137 S.W.3d 910, 913 (Tex. App.CTexarkana
2004, no pet.); In re Dryden, 52 S.W.3d 257, 263 (Tex. App.CCorpus
Christi 2001, orig. proceeding).  To be
clerical in nature, the error must be one that is not the result of judicial
reasoning, evidence, or determination.  In
re V.M.P., 185 S.W.3d 531, 534 (Tex. App.CTexarkana
2006, no pet.); Ward, 137 S.W.3d at 913. 
Correction of a clerical error does not effect a substantive change in
the court=s order.  V.M.P., 185 S.W.3d at 534; Ward,
137 S.W.3d at 913.  An error that results
from judicial reasoning or judicial determination, however, is not a clerical
error.  V.M.P., 185 S.W.3d at 534;
Ward, 137 S.W.3d at 913.

The proponent of a clarification motion
bears a heavy burden in trying to establish that the error involved is clerical
in nature.  Ward, 137 S.W.3d at
914.  The proponent must provide clear
and convincing evidence that the error is clerical in nature and thus one for
which a clarification order may be entered. Id. at 914B15.

Here, Douglas, as the proponent of the
clarification, does not contend that the clarification was merely clerical;
instead, he focuses his arguments on the alleged voidness of the initial
modification order.








The clarification order here does not
correct a clerical error in the modification order but instead makes a
substantive change.  The modification
order provides that the Adomicile restriction is lifted,@
followed by Ato the extent necessary to  allow Cindy Lynn Rhodes to comply with her
U.S. Navy Reserve Orders.@ 
The clarification order, on the other hand, provides that ACindy
Lynn Rhodes shall not remove the domicile of the children from Tarrant County,
Texas unless she is required to move in order to comply with mandatory orders
from the military.@ 
Thus, the modification order lifted the domicile restriction to
permit Rhodes to comply with military orders (whether mandatory or not)
while the clarification order prohibited a change in domicile of the
children but for mandatory military orders.  Additionally, the clarification order
required Cindy to comply with the terms of this Anew
order@ by 12:00 p.m. on December
28,  indicating the Anew
order@ contained a substantive change
that Cindy was required to comply with. 
Because the clarification order makes a substantive change to the
modification order, it is unenforceable. 
See Tex. Fam. Code Ann. ' 157.423;
Dryden, 52 S.W.3d at 263. 
Accordingly, we grant Relator=s
petition for writ of mandamus, we order the trial court to set aside its
December 11 clarification order, and we dissolve the December 17, 2009 stay
issued by this court.[3]  The writ will
issue only if the trial court fails to comply.

Douglas shall pay all costs of this original
proceeding, for which let execution issue.

PER
CURIAM

 

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  January 11, 2010











     [1]… See Tex. R. App. P. 47.4.





     [2]… Cindy contends that the December 11 clarification order is void
because it exceeds the parameters of a clarification order as set forth in
Texas Family Code section 157.423.  See
Tex. Fam. Code Ann. ' 157.423 (Vernon 2008).  Douglas contends that the December 11
clarification order is void because the February 10, 2009 AOrder In Suit To Modify
Parent Child Relationship@ was void.  The only issue before this court in this
original proceeding filed by Cindy as Relator is whether the trial court=s December 11
clarification order exceeds the scope of Texas Family Code section 157.423.





     [3]… Based on our disposition, Cindy=s January 7, 2010 AEmergency Motion For
Temporary Relief@ is denied as moot.