**Affirmed and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01095-CV

---

**NANA C. GRAHAM, Appellant**

**V.**

**DANNY JOE GRAHAM, Appellee**

---

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 001076817**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from an order clarifying a provision in a 1977 divorce decree, appellant Nana C. Graham contends that the decree contains a clerical error, and that the trial court erred in failing to issue a clarifying order in accordance with a docket-sheet entry made at the time of trial. Because the clarifying order implements the terms of the final decree, which has not been clearly shown to contain a clerical error, we affirm.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

Nana and Danny Graham were divorced in 1977.  In the signed divorce decree, the trial court awarded the family home ("the House") to Nana, and included the following provision: "IT IS FURTHER DECREED that when, as, and if the house is sold, 15.76% of the selling price shall be awarded to Respondent, DANNY JOE GRAHAM, to-wit: If the selling price is $42,500.00, the Respondent shall receive $6,700.00."

Thirty-four years later, Danny filed a petition to enforce the property division, and the parties agreed that the original order required clarification before it could be enforced. In the clarifying order, the trial court included the following statements and rulings that are relevant to the issues presented in this appeal:

*Proceedings*

> All matters of law and of fact were submitted to the Court via agreed written stipulations and briefs of law, and the Court received the evidence and considered the pleadings and argument of counsel.

> . . .

*Record*

> The making of a record of testimony was waived by the parties with the consent of the Court as the parties submitted all facts and evidence in the form of agreed written stipulations.

> . . .

*Orders*

> IT IS ORDERED that NANA CAMILLE GRAHAM shall pay the sum of forty[-]four thousand[,] one hundred and twenty[-]eight dollars ($44,128.00), which is 15.76% of the selling price of [the House] . . . directly to DANNY JOE GRAHAM . . . .

# II.  ISSUES PRESENTED

Nana presents three issues challenging the clarification order.  In her first issue, she argues that the trial court abused its discretion in awarding Danny $44,128 because such an award is not "just and right."  In her second issue, she contends that the great weight of the evidence shows that the divorce decree signed in 1977 contains a clerical

2

error, and that the trial court actually rendered judgment awarding Danny a fixed lien of $6,700 on the House. She asserts in her third issue that the clarifying order is void because the trial court lacked subject-matter jurisdiction.

### III. ANALYSIS

Because we must resolve jurisdictional issues first, we address the jurisdictional issue first. s in reverse order.

### A. Jurisdiction

In her third issue, Nana contends that the provision in the signed divorce decree addressing Danny's interest in the House is void because the trial court lacked subject-matter jurisdiction to render a judgment that is contingent on events that may or may not occur after rendition. In support of this argument, she relies on a line of older cases decided by the intermediate appellate courts. *See, e.g.*, *Taylor v. Hicks*, 691 S.W.2d 839, 841 (Tex. App.—Fort Worth 1985, no writ) ("A judgment may not rest upon what may or may not occur after its rendition, and must take its validity from the action of the court and not from what persons may or may not do after the court has rendered the judgment."); *Beavers v. Beavers*, 675 S.W.2d 296, 300 (Tex. App.—Dallas 1984, no writ) (stating that a contingent award of attorney's fees is void because "a judgment may not rest upon what may or may not occur after its rendition"); *Burrage v. Hunt Prod. Co.*, 114 S.W.2d 1228, 1233 (Tex. Civ. App.—Dallas 1938, writ dism'd) ("A judgment which is so uncertain and indefinite as to require fact findings of a court or jury, to determine the relief it grants, would be void and inoperative.").

The broad statements in these cases do not accurately state the law applicable to this case. At the time of the divorce, the Texas Supreme Court expressly approved the award of certain contingent interests in property through divorce decrees making the award "effective if, as, and when" received because such awards "fairly divide the risk" of future events. *See Cearly v. Cearly*, 544 S.W.2d 661, 666 (Tex. 1976), *abrogation recognized*, *Shanks v. Treadway*, 110 S.W.3d 444, 446 (Tex. 2003). Moreover, the Texas

3

Supreme Court also has clarified that a contingent award may be improper, but it is not void. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (op. on reh'g). Thus, if the signed judgment was improper at the time at the time it was issued, it was remediable by timely direct appeal. *See id.* Because the time for such an appeal has passed, the decree is final. We accordingly overrule Nana's third issue.

## B.    Alleged Clerical Error

In her second issue, Nana argues that the great weight of the evidence shows that there is a clerical error in the divorce decree. Specifically, she contends that the trial court rendered judgment on July 18, 1977, awarding Danny a fixed lien of $6,700 on the House, and that the provision in the divorce decree signed three days later contains a clerical error in that it awards Danny 15.76% of the eventual sales price of the House. She argues that the great weight of the evidence shows that the signed decree does not accurately reflect the judgment actually rendered, and thus, the trial court erred in failing to issue a clarifying order to correct the mistake.

There is an important distinction between a judicial error and a clerical error. A judicial error is one that results from judicial reasoning or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam). When a trial court signs a judgment that inaccurately reflects the judgment previously rendered in open court, the error is clerical. *See id.* at 586; *see also Delaup v. Delaup*, 917 S.W.2d 411, 413 (Tex. App.—Houston [14th Dist.] 1996, no writ) (explaining that a trial court "renders" judgment by an oral pronouncement in open court or by a memorandum filed with the clerk) (citing *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)).

A party attempting to establish the existence of a clerical error for which a clarification order may be entered must prove, by clear and convincing evidence, that the alleged error is clerical. *In re Marriage of Ward*, 137 S.W.3d 910, 914–15 (Tex. App.—Texarkana 2004, no pet.). This has been described as a "heavy burden." *Id.* To meet this burden, Nana not only had to establish that the trial court pronounced judgment before signing the decree, but also was required to establish, by clear and convincing

4

evidence, the terms of the oral pronouncement. These are questions of fact, and "[d]ocket entries are some evidence of a rendered judgment and its contents." *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). Here, Nana attempted to meet her burden by relying on a docket-sheet entry that provides as follows:

Nana interprets this docket entry to mean that the trial court orally pronounced judgment in which Danny was awarded a lien of $6,700 on the House. She contends that the following provision in the divorce decree inaccurately reflects the judgment rendered:

> IT IS FURTHER DECREED that when, as, and if the house is sold, 15.76% of the selling price shall be awarded to Respondent, DANNY JOE GRAHAM, to-wit: If the selling price is $42,500.00, the Respondent shall receive $6,700.00.

Given the illegibility of the docket entry that is said to record the terms of the trial court's oral pronouncement, we cannot say that the trial court erred in failing to find that Nana established by clear and convincing evidence that the decree inaccurately reflects the judgment rendered. *See UBS Fin. Servs., Inc. v. Branton*, 241 S.W.3d 179, 186 (Tex. App.—Fort Worth 2007, no pet.) (reviewing court was unable to conclude that party signed an enforceable arbitration agreement because "much of the wording" of the original of the exhibit was illegible); *Boots, Inc. v. Tony Lama Co.*, 584 S.W.2d 583, 584 (Tex. Civ. App.—Beaumont 1979, no writ) (reversing default judgment in a suit on a sworn account where damage evidence consisted of copies of computer printouts "composed almost exclusively of numerals, most of which are illegible").

5

We overrule Nana's second issue.

## C.    Value versus Sales Price

Nana's first issue is somewhat unclear.  She asserts that the decree became effective only on the occurrence of a future event, which she identifies as the date on which the trial court rendered its clarifying order.  Citing section 7.001 of the Texas Family Code, she then argues that the trial court's order clarifying that she is to pay Danny 15.76% of the House's $280,000 sales price on a particular day and in a particular manner is not "just and right."  *See* TEX. FAM. CODE ANN. § 7.001 (West 2006) ("In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.").  She contends that the divorce decree "clearly indicates" that the court considered an award of 15.76% of the House's value "as of the date of the divorce" to be "just and right," and that the trial court issued a clarifying order awarding Danny an amount "in excess of 100% of the value of [the House] as of the date of the divorce without justification."

Nana's reliance on section 7.001 suggests that she is attempting an untimely direct appeal of the divorce decree.  A "just and right" division of the property was made in the divorce decree in 1977, and the clarification order merely described with greater specificity the way in which that division was to be implemented.  Thus, if it is her position that, in dividing the property in 1977, the trial court *should* have awarded Danny only a percentage of the House's value at that time, then we lack jurisdiction to consider such a challenge to a judgment that has been final for decades.  If it instead is her position that, in the divorce decree, the trial court actually *did* award Danny only a percentage of the House's value on that date and that the clarification order is inconsistent with the divorce decree, then this argument is not supported by the record.

In connection with the proceedings seeking clarification, the record reflects that the trial court signed an agreed order striking certain briefs and evidence, and ruled on the request for clarification based on briefs of law and on stipulated facts and evidence.  The

6

material considered by the trial court does not include evidence concerning the value of the House at the time of the divorce; however, it does include (a) a copy of the decree of divorce providing that "when . . . [the House] is sold, 15.76% of the selling price shall be awarded" to Danny; (b) a stipulation that Nana sold the house on October 12, 2005 for $280,000; and (c) a stipulation that Nana had not paid any of the sales proceeds to Danny. In the divorce decree, the trial court referred repeatedly to the "selling price" of the House, and never mentioned the House's "value" at all. The clarification order therefore is consistent with the divorce decree.

We overrule Nana's first issue.

## IV. CONCLUSION

Nana failed to establish that the 1977 divorce decree contains a clerical error, and the trial court's clarification order is consistent with the divorce decree.

We affirm the trial court's judgment.


/s/     Tracy Christopher
        Justice



Panel consists of Justices Frost, Christopher, and Jamison.

7